(No. 49180.—<br>
(No. 49302.—

JAMES HUGHES *et al.,* Petitioners, v. ROGER J. KILEY, JR., Judge, Respondent.—FRANKLIN PARISH, Petitioner, v. RICHARD ELROD, Sheriff, Respondent.

*Opinion filed June 27, 1977.—Rehearing denied Oct. 3, 1977.*

James J. Doherty, Public Defender, of Chicago (Jack L. Uretsky and John Thomas Moran, Assistant Public Defenders, of counsel), for petitioner Hughes.

Michael P. Toomin, of Chicago (Jack L. Uretsky and John Thomas Moran, Assisant Public Defenders, of counsel), for petitioner Nash.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Jayne A. Carr, Assistant Attorney General, of Chicago, and Laurence J. Bolon and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for respondent.

James J. Doherty, Public Defender, of Chicago (Jack L. Uretsky and John Thomas Moran, Assistant Public

Defenders, of counsel), for petitioner.

Bernard Carey, State's Attorney, of Chicago (James S. Veldman, Assistant State's Attorney, of counsel), for respondent.

MR. JUSTICE CLARK delivered the opinion of the court:

A joint preliminary hearing was had before the Honorable Maurice D. Pompey, judge of the circuit court of Cook County, on criminal complaints against defendants-petitioners James Hughes and Darnell Nash charging each with the offense of murder. The State's evidence consisted of the testimony of a homicide investigator of the Chicago Police Department concerning conversations he had participated in with several persons including defendants and the admission as exhibits of written statements allegedly taken from the defendants. Defendants' counsel cross-examined the investigator and refrained from presenting any evidence on defendants' behalf. Judge Pompey entered an order on July 1, 1976, finding probable cause that defendants had committed the offenses of involuntary manslaughter and binding the defendants over to the grand jury on those charges. He stated that he did not believe the State had shown probable cause that defendants had committed the offenses of murder. That same day, an assistant State's Attorney sought and received from the grand jury true bills of indictment for murder against both defendants after questioning the investigator before the grand jury. Defendants moved to quash these indictments on several grounds, including alleged violations of defendants' due process rights by the conduct of the assistant State's Attorney before the grand jury. The assigned trial judge, the Honorable Roger J. Kiley, Jr., examined the transcripts of the preliminary hearings and the grand jury proceedings,

heard arguments by counsel for the State and defendants and denied the motions to quash because the defendants had not clearly and positively shown gross and prejudicial irregularity on the record which could have influenced the grand jury in returning the indictments. Specifically, Judge Kiley stated he did not believe the assistant State's Attorney's remarks to the grand jury constituted sufficient grounds to support granting the motions. Subsequent to these denials, defendants petitioned this court for writs of prohibition against further proceedings in either case. We refrain from detailing or commenting upon the prosecutor's remarks before the grand jury, since the present need for such attention is precluded by our disposition. An examination of this sort would be relevant in the event defendants were convicted on these charges and appealed contending that Judge Kiley abused his discretion in denying the motions.

Defendant-petitioner Franklin Parish was charged in a separate incident with the offense of murder by criminal complaint, and preliminary hearing was had before Judge Pompey. The State presented three witnesses, who were cross-examined by the defense, and certain physical evidence. On the basis of this evidence, Judge Pompey entered an order on June 24, 1976, finding no probable cause that defendant had committed the offense of murder and discharged him for that reason. An assistant State's Attorney presented the case to the grand jury that same day seeking a true bill of indictment for murder. Such a true bill was returned by the grand jury, and defendant moved to quash the indictment in the trial court. We are informed by defendant-petitioner's brief in this court that the Honorable Albert Porter denied this motion on October 6, 1976, but we have not been presented with any transcript of the proceedings before Judge Porter or any other indication of the reasoning behind his decision other than the motion to quash itself, which, in part, alleges a

due process violation based upon prosecutorial misconduct before the grand jury. Defendant Parish filed a petition for writ of *habeas corpus* with this court seeking his discharge and release. We also refrain from detailing or commenting upon the prosecutor's conduct before the grand jury in this case due to our disposition of the case and note that such examination might be relevant on a direct review of a potential abuse of discretion in the denial of the motion to quash.

All three petitioners contend they are entitled to the extraordinary relief requested for two reasons. First, they assert the prosecutor in each case abused the grand jury process by presenting the same or less evidence as at the preliminary hearings and by misrepresenting to the grand juries the applicable law and the facts adduced at the hearings. These actions, according to petitioners, violated their rights to due process of law and created frauds upon the courts which convened the grand juries. Second, they argue that no other remedy exists which does not require extreme hardship to be suffered by the defendants prior to its availability.

This court is authorized, by the 1970 Illinois Constitution, to exercise original jurisdiction in cases relating to prohibition and *habeas corpus* (Ill. Const. 1970, art. VI, sec. 4(a)). The purpose of a writ of prohibition is to provide a court of superior jurisdiction a means to prevent an inferior court from exercising jurisdiction with which it is not legally vested (*People ex rel. Sokoll v. Municipal Court* (1934), 359 Ill. 102, 107) and to restrain an inferior court from further action in the cause at issue when damage and injustice are likely to result from such action (*People ex rel. Modern Woodmen of America v. Circuit Court* (1931), 347 Ill. 34, 39). Writs of prohibition and *mandamus* are normally to be awarded only in rare instances where none of the ordinary remedies is available or adequate. *People ex rel. Modern Woodmen of America*

*v. Circuit Court* (1931), 347 Ill. 34, 39; *People ex rel. Swift v. Superior Court* (1935), 359 Ill. 612, 616; see also *People v. Sears* (1971), 49 Ill. 2d 14, 36. But see *People ex rel. Carey v. Covelli* (1975), 61 Ill. 2d 394, 400-01, and cases cited therein; *People ex rel. Sears v. Romiti* (1971), 50 Ill. 2d 51, 54-55, and cases cited therein.

The remedy of *habeas corpus* is available in a limited number of situations including obtaining the release of a prisoner incarcerated by a trial court without subject matter jurisdiction or personal jurisdiction over the defendant or where a post-conviction occurrence entitles a prisoner to release. (*People ex rel. St. George v. Woods* (1970), 47 Ill. 2d 261, 263.) A review of claims which are nonjurisdictional in nature is not available by means of *habeas corpus* even though a denial of constitutional rights is involved. 47 Ill. 2d 261, 263; *People ex rel. Haven v. Macieiski* (1967), 38 Ill. 2d 396; Ill. Rev. Stat. 1975, ch. 65, par. 22.

To assure the right to a remedy of pretrial examination of potential prosecutorial misconduct before the grand jury is not abused, it is essential that the movant clearly allege both the legal and factual bases for the motion to quash or dismiss. The court hearing the motion, having found such clear allegations to be present, may examine the record to determine whether the indictment should be dismissed.

We find in the causes now before this court that each defendant was afforded a hearing on his motion to quash his indictment. Each motion alleged violation of the defendants' due process rights by prosecutorial misconduct before the grand jury. Judge Kiley, in denying the motions of Hughes and Nash, specifically stated he did not find a sufficient showing by the defendants of prosecutorial misconduct which would warrant granting the motions. Defendants' remedies, if any, from this ruling do not rest in writs of prohibition, since no question of jurisdiction is

at this point involved. Judge Kiley's rulings are, of course, subject to direct review upon conviction.

We do not know the basis of Judge Porter's denial of defendant-petitioner Parish's motion to quash the indictment. Parish did allege as part of that motion a violation of due process. When petitioning for a writ of *habeas corpus* from this court, the petitioner has the responsibility for attaching all lower court records and other pertinent materials that will fully present the issues of law as required by Supreme Court Rule 381(a) (58 Ill. 2d R. 381(a)). Thus our inability to ascertain whether Judge Porter fully examined the due process issue raised by the defendant-petitioner must rest with the defendant-petitioner. Regardless, his remedy beyond the hearing on the motion to quash is not by way of *habeas corpus* but by way of direct review.

For the reasons stated above, the petition for a writ of prohibition is denied and the writ of *habeas corpus* is quashed.

*49180 — Writ denied.*
*49302 — Writ quashed.*