THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DARLENE LINZY, Defendant-Appellee.

First District (4th Division)   No. 77-1496

Opinion filed June 30, 1978.

98

Bernard Carey, State's Attorney, of Chicago (Lee. T. Hettinger, Michael E. Shabat, and Jonathan Regunberg, Assistant State's Attorneys, of counsel), for the People.

Michael Weinberg, of Reilley, Bell & Weinberg, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Darlene Linzy, was charged by information with two counts of murder. At a preliminary hearing held in the circuit court of Cook County probable cause was found only on two counts of voluntary manslaughter. She was thereafter indicted for two counts of murder. The defendant then filed a motion to quash the indictment, because of the improper and prejudicial conduct of the prosecutor during the grand jury proceedings. This motion was granted by the circuit court, and the People bring this appeal from that order.

The issues presented for review are (1) whether the circuit court has jurisdiction to order the transcript of proceedings before a grand jury in order to determine the propriety of the prosecutor's conduct during such proceedings, and (2) whether the circuit court abused its discretion in finding the prosecutor's conduct before the grand jury was improper.

On January 2, 1975, the defendant, Darlene Linzy, was charged by two complaints with the offense of murder, alleged to have been committed against Linda J. Goodrom and Sharon Donaldson. Thereafter, on January 13, 1975, the defendant appeared for preliminary hearing. After the hearing, the court found there was probable cause to send the case to the grand jury on a charge of voluntary manslaughter.

Despite the court's ruling, the State's Attorney's office presented the case to a grand jury as murder. During the grand jury proceedings a grand juror asked a question of the assistant State's Attorney, "There are no degrees for murder?" The prosecutor's answer was, "No, they have reduced it to voluntary and involuntary, as you know."

Thereafter, the following was said:

"A Juror: It could have been considered voluntary manslaughter?

Mr. O'Malley (assistant State's Attorney): Not under those facts. While there might have been some hot words exchanged—

A Juror: Slapping.

Mr. O'Malley: Voluntary manslaughter you have to have sudden, intense pattern which is caused by serious provocation and under the facts of that case just a slap or hot words would not be considered serious provocation to justify shooting.

A Juror: Thank you."

No further proceedings were held before the grand jury. The grand jury then returned a two-count indictment against the defendant charging her with the murders of Linda Goodrom and Sharon Donaldson.

On February 18, 1975, the defendant, represented by counsel, was arraigned on the charges of murder, and entered a plea of not guilty as to both charges.

Subsequently, the defendant moved to quash the indictment. Thereafter, arguments were heard on the motion and the trial court dismissed the indictment on August 12, 1977. The trial court also submitted a written memorandum of opinion with the order of dismissal, in which it found the People misstated the law to the grand jury. Of significance to the issues on appeal is the fact the only evidence of the defendant's allegation of prosecutorial misconduct was a matter of record in the transcript of the grand jury proceedings.

The People filed a notice of appeal on August 24, 1977, from the trial court's order dismissing the indictment.

The People submit the circuit court erred in even considering whether the grand jury proceedings were proper.

The leading case in Illinois on this subject is *People v. Sears* (1971), 49 Ill. 2d 14, 19, 273 N.E.2d 380, where a majority of the Illinois Supreme Court stated:

"It is the opinion of the majority of this court that the circuit court, in the exercise of its inherent supervisory powers over the grand jury has jurisdiction to order the transcript of the proceedings before the grand jury submitted to it for examination * * * and we so hold."

The court in *Sears* also recognized the courts have a particular responsibility to prevent unfairness in the grand jury proceedings and have an inherent power to supervise the grand jury, for the grand jury is an arm of the court (see *Sears*, 49 Ill. 2d 14, 35). The reasoning of *Sears*, as explained by the court, is that a wrongful indictment does inflict substantial harm on a defendant which is not entirely remedied by acquittal (*Sears*, 49 Ill. 2d 14, 36). See generally *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.

■■ The People mistakenly cite *People ex rel. Sears v. Romiti* (1971), 50 Ill. 2d 51, 277 N.E.2d 705, as standing for the proposition the court does not have the power to look into grand jury proceedings where the likelihood of prosecutorial misconduct is shown. The question in that case, however, was whether a trial court may conduct a hearing to examine affidavits of individual grand jury members concerning charges of prosecutorial misconduct which was not part of the record. *People ex rel. Sears v. Romiti* stands for the narrow proposition that given an allegation of prosecutorial misconduct before a grand jury that cannot find support in the record, a defendant may not review the grand jury proceedings. Since, in the case at bar, the prosecutorial misconduct is included in the record, the holding in *People ex rel. Sears v. Romiti* is inapplicable. We, therefore, hold the circuit court has the power over a grand jury to order the transcript of proceedings before the grand jury submitted to it for examination of whether an indictment should be quashed because of prosecutorial misconduct.

The People also claim the trial court erred in finding the prosecutor's conduct before the grand jury was improper.

■■■ A review of the record in the instant case reveals, a preliminary hearing on a criminal complaint of murder was had before a judge of the circuit court of Cook County. That court found the correct charge to be voluntary manslaughter and found probable cause accordingly. The People then presented the case to the grand jury as a murder charge. While a grand jury may properly return an indictment charging an offense different from that found in a preliminary hearing, it must be a charge returned by that body and not as the result of prosecutorial misconduct. The assistant State's Attorney advised the grand jury they could not do an act (find the charge to be voluntary manslaughter) which clearly they could perform.

After examination of the entire record, this court has found no reasonable justification for the comments by the assistant State's Attorney to the grand jury, which blatantly prejudice the defendant into defending murder charges.

We hold the circuit court's order dismissing murder indictments against the defendant was a proper exercise of its authority and discretion, and such order is amply supported by the record.

For the foregoing reasons the judgment of the circuit court of Cook County granting defendant's motion to quash the indictment is hereby affirmed.

Affirmed.

JOHNSON, P. J., and ROMITI, J., concur.