THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* BUFFALO CONFECTIONERY COMPANY *et al.,* Defendants-Appellees.— THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LAWRENCE LIEBERMAN *et al.,* Defendants-Appellees.

First District (5th Division) Nos. 76-1629, 77-111 cons.

Opinion filed August 25, 1978.—Modified on denial of rehearing February 2, 1979.

William J. Scott, Attorney General, of Chicago (Anne Taylor, John F. Podliska, and Fred Montgomery, Assistant Attorneys General, of counsel), for the People.

Joseph V. Roddy and Michael J. Madden, both of Chicago, for appellees Buffalo Confectionery Company and Peter Nichols.

George J. Cotsirilos and S. Jack Micheletto, both of Chicago, for appellees Lawrence Lieberman and L & S Foods, Inc.

Mr. JUSTICE MEJDA delivered the opinion of the court:

After two separate presentations to the Cook County grand jury by Assistant Attorneys General of the State of Illinois, indictments were returned against defendants, Buffalo Confectionery Company, Peter Nichols, L & S Foods, Inc., and Lawrence Lieberman. The indictments charged each defendant with the offense of theft (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)) in exerting unauthorized control over State use tax money. In addition, Lieberman was indicted for signing and filing fraudulent retailers' occupation tax returns in which gross receipts were understated, and L & S Foods, Inc., was indicted for filing fraudulent retailers' occupation tax returns. (Ill. Rev. Stat. 1973, ch. 120, par. 452.) Upon arraignment Nichols, a partner in Buffalo Confectionery Company, pleaded not guilty to the charges against him individually, and to the charges against the company. At a separate arraignment, Lieberman, a

corporate officer of L & S Foods, Inc., entered a plea of not guilty on his own behalf and on behalf of the corporation. The two cases proceeded to separate hearings. The State appeals from orders of the trial court entered in each case granting defendants' motion to dismiss the indictments. The two cases were consolidated for review.

On appeal, the State contends that: (1) the indictments should not have been dismissed because the Attorney General had the power to initiate the criminal proceedings before the grand jury; and (2) a party whose acts violate the Retailers' Occupation Tax Act may also be charged with theft under the provisions of the Criminal Code. We affirm. The pertinent facts follow.

In each case, defendants attached a copy of the minutes of the grand jury to their motions to dismiss. The report of proceedings before the grand jury in the matter involving Nichols and Buffalo Confectionery Company shows that the presentation was made by an Assistant Attorney General unaccompanied by the State's Attorney or an assistant. In introducing herself to the grand jury, the Assistant Attorney General asserted that she was "assisting" a named Assistant State's Attorney in this particular case. In argument before the trial court on the motion to dismiss the indictments, the Assistant Attorney General stated that the State's Attorney was "absent by his own choice" when this matter was before the grand jury.

In the case involving Lieberman and L & S Foods, Inc., another Assistant Attorney General, again unaccompanied by an Assistant State's Attorney, introduced himself to the grand jury as "assisting" a named Assistant State's Attorney, and added: "I am here at his request."

An Assistant State's Attorney appeared at each defendant's arraignment. However, the record concerning Nichols and the Buffalo Confectionery Company shows that it was the Attorney General's office alone which responded to defendants' motions for discovery and a bill of particulars. Similarly, in both cases it was an Assistant Attorney General who, unaccompanied by personnel from the State's Attorney's office, appeared before the trial court to argue defendants' motions to dismiss the indictments. Finally, it is the Attorney General's office alone which is pursuing this appeal.

OPINION

■■ Prior to considering whether the trial court properly dismissed the indictments, we must preliminarily note our total disagreement with the State's contention that defendants have no standing to challenge the Attorney General's power in this regard. The presence of an unauthorized person during grand jury proceedings is a valid basis upon which to attack an indictment. (See Ill. Rev. Stat. 1975, ch. 38, pars. 112—6(a) and

114—1(a)(5); *People v. Flynn* (1940), 375 Ill. 366, 31 N.E.2d 591; *People v. Munson* (1925), 319 Ill. 596, 150 N.E. 280.) Certainly, therefore, if the Attorney General improperly appeared before the grand jury and initiated and obtained the instant indictments, defendants would have suffered substantial prejudice and would have standing to challenge such appearance via a motion to dismiss. The standing of a defendant to challenge the Attorney General's power to initiate the prosecution of a case before the grand jury was implicitly recognized in the recently decided case of *People v. Massarella* (1978), 72 Ill. 2d 531, 382 N.E.2d 262, in which our supreme court proceeded directly to the issue of whether the Attorney General in that case properly appeared before the grand jury.

In his petition for rehearing, the Attorney General maintains that *Massarella*, which was decided subsequent to our original opinion, supports his contention that his appearance before the grand jury was not improper. We disagree. In *Massarella*, as in the matter before us, the Attorney General initiated proceedings before the grand jury unaccompanied by the State's Attorney. At the arraignment, the court there was told by Assistant State's Attorneys that the Attorney General would be handling the case, and the State was represented by the Attorney General at all subsequent proceedings. The supreme court examined the development of the common law regarding the powers of the Attorney General and held that the Attorney General may initiate proceedings before the grand jury where the State's Attorney makes no objection. Finding that the State's Attorney had not been excluded from the proceedings by the Attorney General and that the record reflected the State's Attorney's acquiescence to the Attorney General's actions, the court concluded that the Attorney General acted within the scope of his statutory duties.

The supreme court then went on to consider the appellate court's construction of section 112—6(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 112—6(a)). That section provided:

"Only the State's Attorney, his reporter and any other person authorized by the court may attend the sessions of the Grand Jury. Only the grand jurors shall be present during the deliberations and vote of the Grand Jury. If no reporter is assigned by the State's Attorney to attend the sessions of the Grand Jury, the court, on petition of the foreman and 11 other grand jurors, may for good cause appoint such reporter."

The court saw no conflict between section 112—6(a) and its finding that the Attorney General could present cases to the grand jury and went on to say that it did not "believe the grand jury provisions can be so narrowly construed" as to nullify the Attorney General's power to initiate and prosecute cases where that power had been granted to him exclusively,

*e.g.*, under section 16 of the Cigarette Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 453.16). *Massarella*, 72 Ill. 2d 531, 539, 382 N.E.2d 262, 266.

Finally, the court pointed out that section 112—6(a) allowed "any other person authorized by the court" to attend the grand jury proceedings and that such authority had been granted in the prosecution of the *Massarella* case, stating:

> "The court here implicitly authorized the Attorney General to attend; otherwise it would have quashed the indictment, since it has supervisory power over the grand jury in order to prevent abuse of its process. *People v. Sears* (1971), 49 Ill. 2d 14, 28." 72 Ill. 2d 531, 539, 382 N.E.2d 262, 266.

■■ We conclude that, under *Massarella*, the Attorney General may properly initiate a case by appearing before the grand jury only if the State's Attorney approves and the Attorney General's appearance has been authorized as provided in section 112—6(a) of the Code of Criminal Procedure of 1963. Section 112—6(a) was amended in 1975 by Public Act 79-669 and Public Act 79-670 to read in pertinent part: "Only the State's Attorney, his reporter and any other person authorized by the court or by law may attend the sessions of the Grand Jury." (Ill. Rev. Stat. 1975, ch. 38, par. 112—6(a).) While it appears from the record in the case before us that the State's Attorney acquiesced in the action of the Attorney General, we find that the Attorney General's solo appearances before the grand jury were authorized neither by law nor by the court and that the trial court therefore properly dismissed the indictments.

■ The Attorney General has no specific statutory authority, exclusive or otherwise, to independently initiate and prosecute the criminal charges brought in this case. On the contrary, the Attorney General has made several unsuccessful attempts to obtain the legislature's authorization to pursue revenue cases such as this before the grand jury. (See H.B. 2063, S.B. 976, 79th Ill. G.A. (1975); H.B. 2425, 78th Ill. G.A. (1974).) Unsuccessful legislative attempts to confer upon the Attorney General the statutory authority to directly prosecute tax cases, while not controlling, suggest the legislative intent that the Attorney General is not statutorily authorized to prosecute this case. 82 C.J.S. *Statutes* §360, at 790-91 (1953); *City of Ingleside v. Johnson* (Tex. Civ. App. 1976), 537 S.W.2d 145, 153.

■■ Nor can we say that the Attorney General was authorized by the court to appear before the grand jury in the instant case. There was clearly no specific authorization sought from or granted by the trial court and the court gave no "implicit authorization" by refusing to dismiss the indictments as did the court in *Massarella*. Rather, by dismissing the indictments in the cases before us, the trial court implicitly registered its disapproval of the Attorney General's grand jury appearance in the precise manner contemplated by the supreme court in *Massarella*.

■ The supreme court in *Massarella* acknowledged the supervisory power of the court over the grand jury, citing *People v. Sears* (1971), 49 Ill. 2d 14, 273 N.E.2d 380. In *Sears*, the relationship between the court and the grand jury was discussed at length, the supreme court stating that the trial court possesses "inherent power to supervise the grand jury so as to prevent the perversion of its process." (49 Ill. 2d 14, 35, 273 N.E.2d 380, 391.) The court further stated: "[T]he grand jury is an integral part of the court and not the tool of the prosecutor and neither the prosecutor nor the grand jury is vested with power to proceed without regard to due process." (49 Ill. 2d 14, 36, 273 N.E.2d 380, 392.) It is thus the province of the court to control the process of the grand jury. We conclude that, unlike the trial court in *Massarella*, the trial court here, in the exercise of its supervisory power, did not grant the Attorney General the authority to conduct the grand jury proceedings on his own. The dismissal of the indictments was therefore proper.

We are not persuaded by the State's contention that the cases before must be remanded to consider the application of *Massarella* because *Massarella* involved section 112—6(a) of the Code of Criminal Procedure while the motions to dismiss in the instant cases cited section 112—4(a) (Ill. Rev. Stat. 1975, ch. 38, par. 112—4(a)). The dismissal of the indictments does not rest solely on a particular section of article 112 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 114— 1(a)(5)). As the court stated in *Massarella*, the dismissal of the indictments is also based on the fact that the court "has supervisory power over the grand jury in order to prevent abuse of its process." (72 Ill. 2d 531, 539, 382 N.E.2d 262, 266.) In the cases before us, the lack of authorization of the Attorney General, while implicit, is as real as the implicit authorization found in *Massarella*.

Furthermore, the records do not reflect that the basis of the dismissal of the indictments was the trial court's belief that the Attorney General had absolutely no power to appear before the grand jury. In the case involving Nichols and the Buffalo Confectionery Company, the trial court stated that "there has to be assistance here," limiting itself to the case before it rather than announcing a broad principle regarding the Attorney General's power. In the case involving Lieberman and L & S Foods, Inc., the trial court dismissed the indictments "for the reasons in defendant's motion." The motion does not appear in the record, however, and the burden being upon the State to present that record to us, we will resolve the question as to the exact grounds in the motions of Lieberman and L & S Foods, Inc., against the State. *People v. Fochs* (1976), 40 Ill. App. 3d 966, 967, 353 N.E.2d 326, 328, and cases therein cited.

Lastly, in holding that the Attorney General did not properly initiate the grand jury proceedings against defendants, we recognize that

118

allowing an after-the-fact determination of the Attorney General's authority to appear before the grand jury may cause some inconvenience in future attempts by the Attorney General to prosecute a case from its inception. However, we note that the delay in considering the Attorney General's authorization was caused by the State, and the court made its determination at the first opportunity presented to it. Moreover, to hold that the court is precluded from authorizing the Attorney General to conduct grand jury proceedings merely because the State's Attorney and Attorney General sought no authorization from the court before the proceedings began would be to allow others than the court to decide who may attend grand jury proceedings. Such a result would be a derogation of the court's inherent supervisory power and would render meaningless section 112—6(a) which states that persons other than the State's Attorney may attend grand jury proceedings only if "authorized by the court or by law." Ill. Rev. Stat. 1975, ch. 38, par. 112—6(a).

In light of our conclusion that the trial court did not authorize the Attorney General to appear before the grand jury, we need not consider the remaining issue raised by the State.

For the foregoing reasons, the orders of the circuit court of Cook County dismissing the indictments against defendants are affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.