UNITED STATES ex rel. Franklin PARISH, Petitioner-Appellant,

v.

Richard J. ELROD, Respondent-Appellee.

No. 77–1400.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 21, 1978.

Decided Jan. 4, 1979.

Rehearing and Rehearing En Banc Denied Feb. 16, 1979.

Jack L. Uretsky, Chicago, Ill., for petitioner-appellant.

John A. Dienner, III, Cook County, Asst. State's Atty., Chicago, Ill., for respondent-appellee.

Before CUMMINGS, PELL and BAUER, Circuit Judges.

PELL, Circuit Judge.

The petitioner, Franklin Parish, appeals from the district court's judgment dismissing his petition for a writ of habeas corpus. The petitioner is currently in state custody, having been indicted for murder by an Illinois grand jury. Parish offers two grounds for challenging his incarceration prior to trial. First, he alleges that the prosecutor engaged in misconduct before the Illinois grand jury, depriving him of his Fourteenth Amendment right to due process.[1] Second, the petitioner challenges his daylight abode arrest because it was made without a warrant, allegedly in violation of the Fourth Amendment. Because we hold that Parish's pretrial petition for federal habeas corpus is premature, we need not address the merits, if any, of these claims.

The petitioner was indicted for murder in Illinois on June 24, 1976. A few months later, the Illinois trial court denied Parish's motions to quash the arrest and suppress evidence and to quash the indictment. On November 10, 1976, Parish filed his petition for habeas corpus in the federal district court, raising the same grounds for challenging his arrest and his indictment. The district court dismissed the petition on February 4, 1977, for failure to exhaust state remedies. Parish filed his notice of appeal to this court on March 2, 1977. The district court later entered an order, nunc pro tunc from February 18, 1977, certifying probable cause to appeal.

On February 15, 1977, Parish moved the Supreme Court of Illinois for leave to petition for an original Writ of Habeas Corpus, raising only his challenge to the indictment, and not his challenge to the arrest. The Illinois Supreme Court quashed the Writ without deciding the merits of Parish's constitutional claim, because, under Illinois law, the proper time for review of the issue presented was on direct appeal. *Hughes v. Kiley,* 67 Ill.2d 261, 10 Ill.Dec. 247, 367 N.E.2d 700 (1977).[2]

Initially, we recognize that the district courts have jurisdiction under 28 U.S.C. § 2241 to grant writs of habeas corpus to petitioners in state custody who have not yet been tried. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 488–93, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Ex parte Royall,* 117 U.S. 241, 250–51, 6 S.Ct. 734, 29 L.Ed. 868 (1886). The exercise of this jurisdiction, however, is subject to restraints. In the interest of comity, we will

---

1. Specifically, the petitioner alleges that the Illinois prosecutor failed to inform the grand jury of a prior judicial finding of no probable cause, and of its subpoena powers. The petitioner also alleges that the prosecutor concealed exculpatory evidence from the grand jury. This conduct, according to the petitioner, violates due process.

2. The petitioner argues that Illinois precedent is firmly against his Fourth Amendment claim, *People v. Johnson,* 45 Ill.2d 283, 259 N.E.2d 57

(1970), *cert. denied,* 407 U.S. 914, 92 S.Ct. 2445, 32 L.Ed.2d 689 (1972), and that he therefore did not have to present this issue to the Illinois Supreme Court. We do not decide whether this "futility" argument has merit, because for the purposes of our decision, we do not treat pretrial habeas corpus in the Illinois Supreme Court as an option open to the petitioner at this time for adjudicating either claim. *Hughes v. Kiley, supra.*

not assert jurisdiction when the petitioner has not exhausted his state remedies. *Ex parte Royall, supra.* It is well-settled that a petitioner will be held to have exhausted his state remedies prior to trial only in "special circumstances." *Braden v. 30th Judicial Circuit Court, supra,* at 489, 93 S.Ct. 1123; *Frisbie v. Collins,* 342 U.S. 519, 520–22, 72 S.Ct. 509, 96 L.Ed. 541 (1951); *In re Neagle,* 135 U.S. 1, 69–72, 10 S.Ct. 658, 34 L.Ed. 55 (1890); *Ex parte Royall, supra,* 117 U.S. at 251–52, 6 S.Ct. 734; *Clifton v. Cox,* 549 F.2d 722 (9th Cir. 1977). *See also Wildenhus's Case,* 120 U.S. 1, 7 S.Ct. 385, 30 L.Ed. 565 (1887).

The petitioner in this case has not shown the required special circumstances for us to hold that he has exhausted his state remedies prior to trial. He has had an adjudication on the merits of his federal constitutional claims only in the state trial court, and only on a pretrial basis. *Hughes v. Kiley, supra.* Until the completion of a trial, the state appellate and supreme courts will not have a fair opportunity to consider the merits of his federal claims. *Pitchess v. Davis,* 421 U.S. 482, 487–89, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975). *See Braden v. 30th Judicial Circuit Court, supra,* 410 U.S. at 490, 93 S.Ct. 1123; *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Although the petitioner, citing *People v. Johnson, supra,* and *People v. Creque,* 22 Ill.Dec. 403, 382 N.E.2d 793 (Ill. 1978)[3] presents a case to the effect that the Illinois courts will decide these issues against him, the possibility that resort in the future to the Illinois appellate courts may be futile, *cf. United States ex rel. Williams v. Brantley,* 502 F.2d 1383 (7th Cir. 1974); *United States ex rel. Kemp v. Pate,* 359 F.2d 749 (7th Cir. 1966), does not compel us to disrupt a pending state criminal prosecution at which the petitioner yet may be acquitted.[4] *Braden v. 30th Judicial Circuit Court, supra,* 410 U.S. at 493, 93

S.Ct. 1123. *Cf. United States ex rel. Webb v. Court of Common Pleas,* 516 F.2d 1034 (3d Cir. 1975).

Assuming that the petitioner does not plead guilty to the charge, thereby waiving the rights he asserts here, *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), our decision merely delays federal consideration, either by certiorari, *see Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), or by habeas corpus to a time when federal jurisdiction will not seriously disrupt state judicial processes.

To conclude, we emphasize the imprudence of using habeas corpus in the absence of extraordinary circumstances to wrest from the state courts the primary responsibility for remedying constitutional violations committed by state law enforcement officials. The petitioner has implied that only the federal courts offer a "friendly" forum for his constitutional claims. The case law, however, should make it obvious that the federal courts do not make this assumption. We have long adhered to the policy of preserving the role of the state courts in applying and enforcing the federal law. To follow any other policy would isolate the state courts from these issues and might even breed hostility toward federal claims. *See Braden v. 30th Judicial Circuit Court, supra,* 410 U.S. at 490–91, 93 S.Ct. 1123, *quoting,* Note, *Developments in the Law—Federal Habeas Corpus,* 83 Harv.L. Rev. 1038, 1094 (1970). *Cf. Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

For the above reasons, the judgment of the district court dismissing the petition is affirmed.

AFFIRMED.

---

**3.** *People v. Creque, supra,* was recently decided by the Illinois Supreme Court and apparently resolves the indictment issues against the defendant.

**4.** Counsel for the petitioner admitted at oral argument that, although no trial date was set, the state was ready to try the case and that the petitioner's actions were the sole cause of the delay.