THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* GILBERT L. HAAG, JR., Defendant-Appellee.

Second District  No. 78-425

Opinion filed December 28, 1979.

136

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

The State appeals from an order of the circuit court of Du Page County dismissing an indictment against the defendant, Gilbert L. Haag, on the ground his right to due process was violated.

The grand jury of Du Page County returned the indictment on February 2, 1978, charging defendant with delivery of a substance represented to be a controlled substance in violation of section 404 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1404). Defendant thereafter filed nine motions directed toward dismissal of the indictment which included among the grounds asserted allegations that the State failed to conduct a prompt preliminary hearing; that a variance existed between the complaint and the indictment; of double jeopardy; that the arrest warrant failed to specify a crime; of failure to serve defendant with a copy of the indictment; of failure of the prosecution to disclose to the defendant copies of test results of the alleged controlled substance; and of failure to hold a speedy trial. In addition, defendant moved to dismiss the indictment on the ground that the grand jury had not been advised by the State's Attorney of its right to subpoena defendant as is required of the State's Attorney by section 112—4(b) of the Code of Criminal Procedure of 1963 (hereinafter the Code) (Ill. Rev. Stat. 1975, ch. 38, par. 112—4(b)).

The State responded to each of these motions and after considering the arguments of the parties at hearings held on April 24 and May 15, 1978, the trial court entered an order on June 12, 1978, in which it found:

> "That many of the Defendants Constitutional Rights to due process
> were violated as pointed out by the various motions filed with this
> court and
> IT IS THEREFORE ORDERED That because of the actual and

substantial prejudice shown, resulting in a clear denial of Defendants Constitutional Rights that this case and Indictment be and is hereby Dismissed."

■■ Since the trial court did not specify the nature of the due process violations or resulting prejudice to defendant upon which it based its order, the State in its brief has discussed a broad spectrum of possible grounds upon which the court's order might be based reconstructed from the issues raised in the several motions to dismiss presented by defendant. In his brief in this court, however, defendant has chosen to respond only to a single issue in support of the order, contending that the trial court properly dismissed the indictment against him on the ground that the State's Attorney failed to comply with his statutory duty to inform the grand jury of its right to subpoena defendant. As defendant has not sought to sustain the order of the trial court on any of the other grounds argued by the State we will assume he does not disagree with the State's position as to those issues and has waived them; we will not consider them further. See Supreme Court Rules 341(f), 612(j) (Ill. Rev. Stat. 1975, ch. 110A, pars. 341(f), 612(j)).

The State contends that the indictment was erroneously dismissed as the evidence is that the State's Attorney had, in fact, advised the grand jury of its right to subpoena defendant as required by statute and, in addition, that even if the grand jury had not been so advised the indictment should not have been dismissed. We agree and reverse.

As directed to the issues before us, section 112—4(b) of the Code provides:

> "The Grand Jury has the right to subpoena and question any person against whom the State's Attorney is seeking a Bill of Indictment. Prior to the commencement of its duties and, again, before the consideration of each matter or charge before the Grand Jury, the State's Attorney shall inform the Grand Jury of this right." (Ill. Rev. Stat. 1975, ch. 38, par. 112—4(b).)

The trial court did not conduct an evidentiary hearing in this matter but made its determination solely upon the pleadings, transcripts, and representations of counsel. These disclose that during the presentation of defendant's case to the grand jury by Assistant State's Attorney Thomas Freeman a record was made of the testimony of all witnesses who were called as is required by section 112—7 of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 112—7). The statute provides that "[a] transcript shall be made of all questions asked of and answers given by witnesses before the grand jury." These transcripts, however, do not disclose what advice, if any, was given to the grand jury by the State's Attorney relating to its power to subpoena defendant if it wished to do so. The only other evidence found in this record touching on the issue is seen in the State's

answer to this motion to dismiss in which it alleged that the State's Attorney or his assistant always informs the grand jury of its right to subpoena the person against whom an indictment is sought and, in the hearing of this motion, where Assistant State's Attorney Freeman stated to the court that the required advice was given to the grand jury in this case and is made in every case which he presents to a grand jury.

Defendant contended that the burden is upon the State to prove that the advice required by the statute was given to the grand jury by the State's Attorney and on its failure to do so that any indictment returned by it is subject to dismissal. In its letter opinion directed to this question the trial court stated only that it "is not satisfied that the Grand Jury was apprised of its subpoena rights" and defendant argues the court thus made a specific finding of fact that it disbelieved the representations of the State's Attorney in this regard and, the grand jury not having the benefit of that advice, its indictment was properly dismissed.

We consider first whether on this record the trial court could reasonably conclude that the statutorily mandated advice to the grand jury was not given to it by the State's Attorney, and we find that determination to be against the manifest weight of the evidence. In his argument to the trial court in support of the motion to dismiss defendant contended that the failure of the State to produce a transcript evidencing that this advice had been given to the grand jury required the finding that it was not, in fact, so given. The State responded, correctly, that section 112—7 of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 112—7) provides only that the testimony of witnesses before the grand jury be transcribed and that there is no requirement that a record be kept and transcribed of the admonishment in question, the deliberations of the grand jury or any other discussion or commentary which might take place in grand jury proceedings. The trial court's comment it was "not satisfied that the Grand Jury was apprised of its subpoena rights" appears to be based upon its erroneous understanding that the statute required that fact to be established by means of a transcript and apparently led to a disregard by the trial court of the representations of the Assistant State's Attorney that he had in fact so advised the grand jury.

■■ The burden of showing an irregularity in the proceedings of the grand jury rests upon defendant (*People v. Price* (1939), 371 Ill. 137, 20 N.E.2d 61; *People v. Cavin* (1975), 28 Ill. App. 3d 863, 329 N.E.2d 382) and may not be based upon speculation. There is no transcript requirement as urged by defendant, and he failed to call the Assistant State's Attorney or any other knowledgeable witness to seek to establish the procedural error upon which he now relies. We find the trial court erred if it concluded on this record the required advice was either not given to the grand jury or must be established by submission of a

transcript. While it is apparent the issues presented in this appeal would have been forestalled had the State's Attorney advised the grand jury in this regard on the record, and in our view he should have done so, there is no statute or evidentiary rule requiring it be proved by that means. As the only evidence before the trial court was that the grand jury was advised of its right to subpoena defendant, insofar as the dismissal of the indictment was based on a contrary premise it was erroneous and must be reversed.

■■ Even were we to determine the grand jury was not advised of its power to subpoena defendant, however, the indictment was not subject to dismissal on that ground.

While section 112—4(b) of the Code imposes a duty upon the State's Attorney to advise the grand jury in this regard it does not authorize dismissal of an indictment or provide any other penalty or sanction for his failure to do so. (*Cf. People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403.) Defendant, however, looks to section 114—1(a)(5) of the Code which provides that an indictment may be dismissed if "the indictment was returned by a Grand Jury which acted contrary to Article 112 of this Code and which results in substantial injustice to the defendant;" (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(a)(5).) He theorizes that if the grand jury was not informed of its power to subpoena defendant it was denied its right to conduct a full investigative inquiry of the charge against him and, therefore, it acted contrary to its duty as imposed by article 112 of the Code.

We note first that the omitted duty of which defendant complains is one imposed upon the State's Attorney and does not represent an irregular act by the grand jury contrary to its duties. We think defendant's efforts are misapplied when he seeks to escalate such an omission, if it occurred, to a ground for dismissal of the indictment as contemplated by section 114—1(a)(5) of the Code. This leads us to the second prong of section 114—1(a)(5) which provides that only conduct by a grand jury which acted contrary to article 112 *and which results in substantial injustice to the defendant* can cause dismissal of an indictment. Defendant does not suggest what form of injustice he suffered under these circumstances. Presumably, he would postulate that had he been called to testify the grand jury would not have indicted him after hearing his testimony contrary to that presented by other witnesses. A similar hypothesis was advanced and rejected in *People v. Creque* (1978), 72 Ill. 2d 515, 382 N.E.2d 793, where dismissal of an indictment by the trial court was reversed when based, in part, upon the failure of the State to call the victim of the crime to testify before the grand jury. As the court pointed out, the grand jury is not a forum in which a preliminary trial is to be conducted. Nor does defendant suggest he wished to, or was willing to,

testify before the grand jury. While article 112 of the Code gives the Grand Jury the right to subpoena a defendant it also fully recognizes his right not to give testimony if called by it.

■■■ We are also aware that a court has the inherent power to dismiss an indictment before trial where there has been a clear denial of due process, even though not based upon a specific ground for dismissal found in section 114—1 of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 114—1). (*People v. Lawson* (1977), 67 Ill. 2d 449, 455, 367 N.E.2d 1244, 1246; *People v. Leannah* (1979), 72 Ill. App. 3d 504, 391 N.E.2d 187.) That power also extends to the conduct of the prosecutor before a grand jury. (*People ex rel. Sears v. Romiti* (1971), 50 Ill. 2d 51, 277 N.E.2d 705; *People v. Massarella* (1978), 72 Ill. 2d 531, 539, 382 N.E.2d 262, 266; *People v. Jackson* (1978), 64 Ill. App. 3d 307, 310, 381 N.E.2d 316, 318; see also *People v. Linzy* (1978), 62 Ill. App. 3d 97, 379 N.E.2d 58; *People v. Buffalo Confectionery Co.* (1978), 67 Ill. App. 3d 112, 385 N.E.2d 407; *Hughes v. Kiley* (1977), 67 Ill. 2d 261, 267, 367 N.E.2d 700, 702.) It is well established that the burden is on the defendant in these circumstances also to show that the prosecutorial conduct complained of resulted in actual and substantial prejudice to him (*Lawson*, 67 Ill. 2d 449, 459, 367 N.E.2d 1244, 1248) and, as we noted earlier, defendant has failed to do so in this case.

We conclude that failure of the State's Attorney to advise the grand jury of its right to subpoena defendant, if it occurred, would not under these circumstances authorize the trial court to dismiss the indictment against him.

For the reasons we have discussed the judgment will be reversed and this cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SEIDENFELD and WOODWARD, JJ., concur.