THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERIC STANLEY, Defendant-Appellant.

First District (3rd Division)    No. 80-474

Opinion filed April 29, 1981.

Thomas Peters, of Murphy, Eckert, Peters & Davis, Ltd., of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr and Warren A. Zimmerman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Eric Stanley, was charged by information with murder and armed violence. A jury found him guilty of both charges and the court sentenced him to concurrent terms of 30 years for each crime. (A co-defendant, Michael Cobb, not involved in this appeal, was tried simultaneously by a separate jury. He also was found guilty of both charges and was sentenced to concurrent terms of 25 years.)

On appeal defendant contends that the trial court erred in denying his motion to bar the testimony of the principal State's witness, and in refusing to give a certain jury instruction submitted by defendant; that he was not proved guilty beyond a reasonable doubt; that certain comments by the prosecutor during closing argument deprived defendant of a fair trial; and that the sentence imposed was excessive. The facts are as follows.

On the evening of January 29, 1979, Leon Buchanan was shot near the elevators at an apartment building located at 4848 South State Street in Chicago. He died of a gunshot wound to the side of the head.

Tommy Banks, 18 years old, testified for the State that he lived at the State Street address. On the evening in question, at about 10:45 p.m., Banks was in an apartment at the building with defendant, Cobb, a

person known as "Doc," and Tyrone Braboy. Defendant had a shotgun, while Cobb had a small gun. Defendant offered to give Banks a "joint" if he would knock out the lights on the first floor. Banks agreed, and the group, except Braboy, went to the first floor. After Banks broke all the lights near the stairways and started back up the stairs, he heard Cobb tell someone to shoot the deceased. Banks saw defendant aim the shotgun toward the elevator and attempt to fire the gun, but it would not go off. Defendant moved up a few steps, removed the safety on the gun and reentered the hallway. When Banks reached the fourth or fifth floor, he heard a single shotgun blast. He heard other shots earlier.

Charles Seanior, 19 years old, testified for the State that he was a resident of the building. On the evening in question, Seanior saw defendant, Cobb, Banks, and Braboy leaving an apartment. Defendant had a shotgun and Cobb had a .22-caliber pistol. Defendant told Seanior that "they were getting ready to roll and go out." While Seanior proceeded to another apartment, the group went downstairs. At about 11:15 p.m., Seanior heard a loud shotgun blast and came out of the apartment. He saw defendant and Cobb running up the stairs, both still carrying the guns. Seanior went downstairs and observed deceased's body lying face down near the elevator. Upon returning upstairs, Seanior again saw defendant who appeared shaky and nervous.

Officer Stanley Zaborac of the Chicago Police Department testified that Cobb surrendered himself on January 31, 1979. Accompanied by other officers and Cobb, Zaborac proceeded to the 14th floor electrical closet of the apartment building where they recovered a shotgun and a .22-caliber pistol. The pistol was fully loaded, while the shotgun contained two live shells and one expended shell in the chamber. Officer Robert Smith, a firearms examiner for the Chicago Police Department, testified that he believed the expended shell fragment recovered from the deceased's body could have been fired from the shotgun recovered in the building. Mutilation of the fragment prevented Smith from reaching a definite conclusion. It was stipulated that defendant was 21 years old.

Defendant presented the stipulated testimony of a police officer that Seanior told the officer that he had heard another shot an hour before the shotgun blast. Defendant also presented building measurements and stipulated distances from the stairways to the location of the body.

Defendant initially contends that the trial court erred when it denied defendant's motion to bar the testimony of Tommy Banks on the grounds that the prosecutor obtained his testimony through an abuse of the grand jury process.

On February 2, 1979, the State filed a complaint for preliminary examination charging that defendant had murdered the deceased. On

March 1, 1979, an examining magistrate conducted a preliminary hearing which resulted in a finding of probable cause against defendant. A police officer was the only witness at that hearing. On the same date, a prosecutor appeared before the grand jury and stated, "I would like to present for information purposes two witnesses, Tommy Banks and Tyrone Braboy." (Braboy did not testify at trial.) The record does not reveal whether the preliminary hearing preceded the grand jury hearing. Thereafter defendant was not indicted but, on March 9, 1979, was charged by information with murder and armed violence. Defendant subsequently filed a motion to dismiss the proceedings or in the alternative to bar all testimony for abuse of the grand jury process. After a hearing, the trial court denied defendant's motion. In this court, defendant has not pressed his argument that the proceedings should have been dismissed but maintains that the trial court's refusal to bar the testimony of Banks was error.

■■■ We consider it unnecessary to reach the issue whether any impropriety occurred in presenting Banks to the grand jury because it is clear that defendant was not prejudiced by the grand jury appearance of Banks. Where a defendant charges an irregularity or impropriety in the conduct of a prosecutor in a grand jury proceeding, the burden is on the defendant to show that the prosecutorial conduct complained of resulted in actual and substantial prejudice to him. (See *People v. Lawson* (1977), 67 Ill.2d 449, 367 N.E.2d 1244; *People v. Haag* (1979), 80 Ill. App. 3d 135, 399 N.E.2d 284.) In the present case, defendant has failed to demonstrate any prejudice at all. Although prior to trial defendant was furnished a transcript of Bank's grand jury testimony, defense counsel was unable to impeach or demonstrate any inconsistencies in Banks' trial testimony. Rather, defendant suggests that Banks was brought before the grand jury so that the prosecution could coerce and intimidate him. This suggestion is pure speculation. Defendant made no effort to inquire of Banks as to any coercion or intimidation, and the record offers no support for the argument. The trial court did not err in denying defendant's motion to bar the testimony of Banks.

Defendant next contends that it was error for the trial court to refuse to give the jury the second paragraph of the instruction on circumstantial evidence. (Illinois Pattern Jury Instruction, Criminal, No. 3.02 (1968).) The entire instruction provides:

> "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.

[You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence.]"

The Committee Note to the instruction states that the second paragraph should be given only when proof of guilt is entirely circumstantial.

■■ We previously have discussed the difficulty of separating direct from circumstantial evidence in the context of this instruction along with the reluctance of courts to rule that failure to give the second paragraph is reversible error. (*People v. Zenner* (1979), 78 Ill. App. 3d 40, 396 N.E.2d 1107; *People v. Uselding* (1976), 39 Ill. App. 3d 677, 350 N.E.2d 283.) While there was no eyewitness testimony of the actual shooting, there was direct evidence of guilt which placed defendant at the scene of the murder with a shotgun. The trial court did not err in refusing to give the second paragraph of the circumstantial evidence instruction.

■■ Defendant next contends that he was not proved guilty of murder and armed violence beyond a reasonable doubt. We believe, rather, that the State presented overwhelming evidence of his guilt. We recognize that the testimony of an accomplice is to be viewed with caution (*People v. Yancey* (1978), 57 Ill. App. 3d 256, 372 N.E.2d 1069), and the present jury was so instructed. Nevertheless, the jury chose to believe Banks' testimony which established that defendant killed the deceased. Banks' testimony was positive and credible, and warranted acceptance by the triers of fact. Moreover, his testimony received strong corroboration from Seanior and the police officers. Defendant was proved guilty beyond a reasonable doubt.

Defendant further contends that this court must reverse the conviction because of a prejudicial comment by the prosecutor during closing argument. During rebuttal closing argument, the prosecutor stated, "[y]ou have an opportunity here today to do something about crime." Defendant did not object to the statement at trial.

■■ Defendant's failure to object to allegedly prejudicial argument ordinarily constitutes a waiver of the issue on appeal. (*People v. Witherspoon* (1975), 33 Ill. App. 3d 12, 337 N.E.2d 454.) In the absence of objection, we shall consider the impropriety of a prosecutor's comment only when it appears that the remark was so prejudicial as to have deprived defendant of a fair trial. (*People v. Smothers* (1973), 55 Ill. 2d 172, 302 N.E.2d 324.) The comment here was not such an egregious remark. We deem the issue waived.

■■ Defendant finally contends that his 30-year sentences are excessive. He first maintains that in imposing sentence the trial court failed to consider his potential for rehabilitation. Yet, at the hearing in aggravation and mitigation, defense counsel argued defendant's rehabilitation potential, and we presume that the trial court considered the factor. In

imposing sentence, the trial judge accurately characterized the murder as "senseless, needless, and cruel." We cannot say that the court abused its discretion in imposing sentence. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Defendant also urges that his 30-year sentence must be reduced because of the disparity between his sentence and the 25-year sentence imposed on his co-defendant, Michael Cobb. While we note that the record on appeal does not include matter essential to a comparison of the two sentences, more importantly we conclude that the difference in sentences is not unfounded since it was defendant who fired the shot killing the deceased.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P. J., and WHITE, J., concur.