977 F.2d 571
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Curtis CANNADY, Petitioner-Appellant,
v.
STATE of North Carolina; Wilson County Detention Center;
Lacy Thornburg, Attorney General of the State of
North Carolina, Respondents-Appellees.
 No. 91-6075.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 13, 1991
Decided: September 25, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-91-304-BR)
 William Curtis Cannady, Appellant Pro Se.
 E.D.N.C.
 Affirmed.
 Before PHILLIPS, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Curtis Cannady brought this pretrial habeas petition challenging his detention pending trial on drug charges. He contended his Fourth Amendment rights were violated by an unlawful search and arrest, and that the state court's imposition of $50,000 bail was excessive. He asserted that he had presented these claims in a state habeas petition, but that the petition had been denied and certiorari was denied by the state court of appeals. The district court summarily dismissed the petition. Cannady appealed.
 
 
 2
 A Fourth Amendment challenge, such as the one raised by Cannady, is not a special circumstance justifying pretrial habeas review. United States ex rel. Parish v. Elrod, 589 F.2d 327 (7th Cir. 1979). Therefore, the district court properly denied the petition as to Cannady's Fourth Amendment claim.
 
 
 3
 The Eighth Amendment protection against excessive bail may only be vindicated prior to trial; therefore, such a claim may warrant review in a pretrial habeas petition. Atkins v. Michigan, 644 F.2d 543, 549 (6th Cir.), cert. denied, 452 U.S. 964 (1981); see also Stack v. Boyle, 342 U.S. 1 (1951). However, because the charges then pending against Cannady have now been resolved, his pretrial habeas petition is moot as to the excessive bail claim. Murphy v. Hunt, 455 U.S. 478, 481 (1982).
 
 
 4
 Accordingly, we grant a certificate of probable cause to appeal and modify the district court's judgment to reflect dismissal of the excessive bail claims as moot. We affirm the judgment as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED AS MODIFIED