**Nowaczyk v. McLaughlin, et al.        CV-98-510-B    12/10/98**
**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>**Steven J. Nowaczyk**</u>

        v.                              Civil No. 98-510-B

<u>**Philip McLaughlin, et al.**</u>


<u>**O R D E R**</u>


<u>**I.BACKGROUND**</u>

Steven Nowaczyk is serving a state prison sentence for a previous conviction.  He also faces trial in state court on several additional charges.  He argues in a petition for habeas corpus that I should stay his upcoming state court trial because a judge who ruled on several preliminary issues in the current case is biased against him.

I assume for purposes of analysis: (1) that Nowaczyk is "in custody" for purposes of his habeas corpus claim, <u>see, e.g.</u> <u>Hensley v. Municipal Court, San Jose Milpitas Judicial District,</u> <u>Santa Clara County</u>, 411 U.S. 345, 353 (1973)(person released on bail is "in custody"); <u>Maleng v. Cook</u> 490 U.S. 488, 493 (1989) (person is "in custody" on a sentence which the person has not yet begun to serve but which is the subject of a detainer); (2) that he may base his habeas corpus claim on 28 U.S.C. § 2241

(c)(4) rather than on 28 U.S.C. § 2254, see Wright & Miller § 4262 (§ 2241(c) provides basis for habeas corpus relief for a person who is held in custody prior to trial in violation of the Constitution); (3) that he has exhausted his state court remedies by presenting his current argument to the New Hampshire Supreme Court in an interlocutory motion for an emergency stay; and (4) that his request for a stay of the state court proceedings is not barred by the Anti-Injunction Act, see McFarland v. Scott, 512 U.S. 849, 857 (1994)(noting that federal courts "cannot enjoin state-court proceedings unless the intervention is authorized expressly by federal statute or falls under one of two other exceptions to the Anti-Injunction Act" – namely (1) to aid its own jurisdiction, or (2) to protect or effectuate its judgments). Notwithstanding these assumptions, I agree with the Magistrate Judge's conclusion that this case must be dismissed.

## II.DISCUSSION

In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court explained that a federal court should ordinarily decline to enjoin state court criminal proceedings. Id. at 41 (citing the "national policy forbidding federal courts to stay or enjoin pending state [criminal] proceedings except under special

-2-

circumstances"). The policies of federalism underlying the <u>Younger</u> doctrine apply with equal force to federal habeas corpus petitions in which the petitioner seeks to stay a criminal trial in state court. See <u>Davis v. Muellar</u>, 643 F.2d 521 (8th Cir. 1981); <u>Carden v. Montana</u>, 626 F.2d 82 (9th Cir. 1980); <u>Kolski v. Watkins</u>, 544 F.2d 762 (5th Cir. 1977). Nowaczyk nevertheless argues that abstention is not warranted here because the fact that the New Hampshire Supreme Court rejected his request for an emergency stay constitutes an "unusual circumstance" that makes abstention inappropriate. See <u>Younger</u>, 401 U.S. at 54 (recognizing that abstention may be inappropriate in cases invoking "bad faith, harassment or any other unusual circumstance. . ."). The New Hampshire Supreme Court's rejection of his motion is significant, Nowaczyk claims, because it establishes that his state court remedies are inadequate.

I reject Nowaczyk's argument for three reasons. First, the New Hampshire Supreme Court's summary denial of Nowaczyk's request for a stay does not necessarily imply that the court rejected his claim on the merits. The New Hampshire Supreme Court ordinarily does not accept interlocutory motions that are filed without the consent of the trial judge. Since the New Hampshire Supreme Court did not explain its reasons for denying

Nowaczyk's motion, I can only speculate as to whether the court rejected his challenge on the merits, or simply declined to consider the merits of his claim prior to his trial. Because of the absence of a showing that the New Hampshire Supreme Court ruled on the merits of his claim, Nowaczyk has failed to establish that it would be futile for him to present his claims to the New Hampshire Supreme Court again were he to be convicted at trial.

Second, even if the New Hampshire Supreme Court had expressly rejected Nowaczyk's interlocutory appeal on the merits, such a ruling would not warrant the conclusion that Nowaczyk's state remedies are inadequate, because he could still be acquitted at trial. State court remedies cannot be considered inadequate while the possibility of acquittal remains viable. See United States ex rel. Parish v. Elrod, 589 F.2d 327, 329 (7th Cir. 1979)("[T]he possibility that resort in the future to [state] appellate courts may be futile, does not compel us to disrupt a pending state criminal prosecution at which the petitioner may yet be acquitted.") (citations omitted); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979)(same).

Finally, Nowaczyk also asserts that Younger abstention is inappropriate in this case because the state court proceedings

have been marred by bias, bad faith, and harassment. He has failed, however, to plead any facts to support these conclusory assertions. The trial judge who Nowaczyk claims was biased against him is no longer presiding over the pending charges and Nowaczyk has no basis for challenging the impartiality of the current trial judge. Moreover, Nowaczyk has pleaded no facts which would support a claim that the charges were brought against him in bad faith, or for purposes of harassment. Without providing factual support for his claims of bias, bad faith, and harassment, Nowaczyk cannot establish that his case constitutes an "exceptional circumstance" justifying my refusal to abstain pursuant to the Younger doctrine. See Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 639-40 (1st Cir. 1996)(stating that claims of exceptional circumstance such as bad faith or judicial bias "require[] more than the frenzied brandishing of a cardboard sword. . . .").

## III. CONCLUSION

Petitioner's writ of habeas corpus is dismissed without prejudice.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

December 10, 1998

cc: Steven J. Nowaczyk