(No. 32742.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS MORETTI *et al.,* Plaintiffs in Error.

*Opinion filed May 20, 1953—Rehearing denied September 21, 1953.*

Allan R. Bloch, and Sidney Z. Tepper, both of Chicago, (Ode L. Rankin, of counsel,) for plaintiffs in error.

Latham Castle, Attorney General, of Springfield, and Harold A. Smith, special State's Attorney, of Chicago, (Richard B. Austin, of Chicago, of counsel,) for the People.

Mr. Justice Maxwell delivered the opinion of the court:

Thomas Moretti, Lawrence Moretti and Pasquale Moretti, plaintiffs in error, hereinafter designated defendants, were found guilty by a jury in the criminal court of Cook County on an indictment charging them with having conspired to obstruct justice. Thomas was sentenced to one year in the county jail and fined $2,000; Lawrence was fined $2,000, and Pasquale was fined $1,000. On writ of error the Appellate Court for the First District affirmed the judgments of conviction and defendants seek review in this court on writ of error.

The material evidence, the procedure in procuring the defendants' indictment and in the conduct of the trial, and defendants' contentions relied upon for reversal of the 'rial court's judgment have been adequately and correctly 'ated in the opinion of the Appellate Court, and need not ɔe repeated here. We have examined the record and considered the issues presented by the defendants and find

that the Appellate Court has correctly determined those issues, and we concur in that court's opinion on those issues.

Only one of defendants' contentions, in our opinion, merits further discussion. Defendants contend that the indictment should have been quashed because the orders entered by the criminal court on September 18, 1951, and October 18, 1951, appointing a special prosecutor to represent the People before the grand jury, in place of the State's Attorney, were void, the special prosecutor so named by the court and his appointed assistant were therefore unauthorized persons appearing before the grand jury. Appellants here contend that this constitutes a denial of their substantive legal rights which the Appellate Court brushed aside as a technical matter.

John S. Boyle, State's Attorney of Cook County, on September 18, 1951, presented a petition to the chief justice of the criminal court of that county, reciting that he, through a regularly-appointed assistant, had presented evidence to the August, 1951, grand jury in regard to a homicide charge against Michael Moretti for the deaths of Arthur Gamino and Edward Salvi, who were shot and killed August 24, 1951, and for the shooting of Leonard Monaco who was wounded in the affray. The petition further stated that no true bill was returned by that grand jury, that the matter was still under investigation by the State's Attorney's office, that new evidence had come to his attention, that the matter was to be submitted to the September, 1951, grand jury, and that "11. Your petitioner further represents that he verily believes he is a prospective witness and as such may be called to give evidence before the Grand Jury for said September Term." The Chief Justice, pursuant to the prayer of that petition, ordered that Harold A. Smith, an attorney, be appointed to investigate the homicides and shooting and present the evidence to the September, 1951, grand jury, prepare such presentments and indictments for said homicides and shoot-

ing as the grand jury should direct, and to "prosecute said causes with the same power and authority in relation to such causes as the State's Attorney would have in the premises." Said Harold A. Smith on the same day took the statutory oath of office before the chief justice.

On September 26, 1951, said Harold A. Smith petitioned the chief justice to continue his powers as special attorney for the People and for an order directing him to present the evidence to the October, 1951, grand jury, and such order was entered. Subsequently, Smith appointed Richard B. Austin as his assistant, the two of them presented the evidence to the grand jury, and on October 3, 1951, indictments charging Michael Moretti with the murders of Gamino and Salvi were voted and returned.

On October 18, 1951, Smith presented an *ex parte* petition to the chief justice, alleging that the grand jury was still considering the question of an indictment for the shooting of Monaco, that there had been offers communicated to Monaco by certain members of Michael Moretti's family to pay him to change his testimony, which offers Monaco had refused; that certain members of Moretti's family had communicated threats of violence to Monaco and to members of his family unless his testimony was changed; petitioner prayed for instructions from the court and for an order directing the course that should be pursued, if any, by petitioner. The chief justice, on the same day, entered an order directing petitioner to continue to investigate and present evidence to the October, 1951, grand jury "relating to offers of bribery to Leonard Monaco and threats of violence to the said Leonard Monaco and members of his family and friends, and to prepare such presentments and indictments as to such offers and threats as the Grand Jury may direct, and to prosecute such causes with the same power and authority in relation to such causes as the State's Attorney of Cook County would have in the premises."

Smith and Austin thereafter presented the evidence to the Grand Jury and the indictment in the instant case resulted. Defendants' motion to quash this indictment was based on the theory that Smith and Austin appeared before the grand jury, questioned witnesses, advised the grand jurors, and prepared and presented the indictment, all without lawful authority of any kind and to the prejudice of defendants. This motion was overruled by the court.

Section 6 of the act in regard to Attorneys General and State's Attorneys, (Ill. Rev. Stat., 1951, chap. 14, par. 6,) provides: "Whenever the attorney general or state's attorney is sick or absent, or unable to attend, or is interested in any cause or proceeding, civil or criminal, which it is or may be his duty to prosecute or defend, the court in which said cause or proceeding is pending may appoint some competent attorney to prosecute or defend such cause or proceeding, and the attorney so appointed shall have the same power and authority in relation to such cause or proceeding as the attorney general or state's attorney would have had if present and attending to the same, * * *."

The constitutionality of this statute was upheld in *Tearney* v. *Harding*, 335 Ill. 123. We held in *People* v. *Doss*, 384 Ill. 400, that where the State's Attorney was a witness before the grand jury, the appointment of a special State's Attorney to act in that case before the grand jury was the regular and proper procedure. In *Lavin* v. *Board of Comrs. of Cook County*, 245 Ill. 496, we held that the filing of a petition by the State's Attorney setting forth the grounds for his petition gives the court jurisdiction of the subject matter and requires it to judicially determine whether a proper case for the appointment exists.

Defendants next contend that the court had no jurisdiction to enter the order of October 18, 1951, directing the special attorney to prosecute the instant case before the grand jury because the petition failed to allege and the order failed to find that the State's Attorney was sick, ab-

sent, unable to attend or interested in the alleged crime of bribery or threats of violence. They contend that the crimes here considered are different from those mentioned in the petition of the State's Attorney filed September 18, and there can be no causal connection between them. We cannot agree with this contention. Smith's petition alleged the bribes and threats made to the witness in the cause in which the court had previously taken proper jurisdiction. The court had directed the special attorney to prosecute the original cause before the grand jury, and the crimes described in the latter petition were certainly attempts to prevent the special attorney from effectively carrying out the court's order. The court knew of the disqualification of the State's Attorney in the Michael Moretti case and could, in the exercise of its judicial discretion, determine that justice could be best served by disqualifying him in prosecuting the members of Michael Moretti's family.

Defendants contend that Smith, as special attorney, had no authority to appoint his assistant Austin and therefore Austin's appearance before the grand jury and his active participation in presenting the case makes this indictment void. They argue that the appointment of assistant State's Attorneys is an adminstrative function regulated by statute. (Ill. Rev. Stat. 1951, chap. 53, par. 18.) We do not believe that statute is applicable here. The purpose of that statute is to authorize the county board to determine when and how many assistant State's Attorneys may be required by the county and to provide for their compensation. Austin here was certainly not an assistant such as is contemplated by that statute. Smith was a special prosecuting attorney appointed by the court to prosecute a certain cause with all his authority conferred upon him by the court. That he would require legal assistance to investigate and prosecute these crimes before the Cook County grand jury is foreseeable. He appointed Austin as his assistant, Austin was sworn in as a special assistant

prosecutor, and he participated in the prosecution before the grand jury in the presence of, and under the supervision of, the court-appointed special prosecutor. Defendants have not shown that Austin was present in the grand jury room while that body was deliberating or voting, that he influenced the jurors in any manner or that he did anything other than interrogate the witnesses in the presence and under the supervision of Smith. We have, under like circumstances, found that this does not invalidate the proceedings where no prejudice is shown. (*People* v. *Hartenbower*, 283 Ill. 591.) Defendants do not point out in what manner they were prejudiced by Austin's interrogation of the witnesses instead of Smith and we are unable to conjure any.

The defendants have not shown the deprivation or invasion of any of their legal or constitutional rights and their convictions must be, and are, affirmed.

*Judgment affirmed.*