THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
TOM FASSLER, Defendant-Appellee.

Fifth District   No. 5—89—0196

Opinion filed February 15, 1991.—Rehearing denied June 6, 1991.

H. Wesley Wilkins, State's Attorney, of Jonesboro (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Finch & Karraker, P.C., of Anna, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

A Union County grand jury indicted Tom Fassler, a school teacher, for aggravated criminal sexual abuse, alleging that he fondled a 13-year-old female student.

The circuit court dismissed the indictment because:

(1) the student's mother, whose presence had not been authorized, nevertheless was present when the student testified before the grand jury;

(2) witnesses were not sworn upon oath;

(3) the indictment did not state an offense because the statute in effect on the date of the offense did not include the words "sexual conduct";

(4) the indictment was based solely upon the testimony of witnesses who were under 14 years of age without a foundation establishing competency first having been laid; and

(5) the indictment violated due process as it was based upon rumor and the testimony of unsworn and incompetent witnesses.

The State appealed each of the five grounds listed above of the circuit court's dismissal, but we need only address the first. We hold that the presence of a person during a session of a grand jury whose presence is not authorized by statute or a court is grounds to dismiss an indictment.

■■ Among the most important protections provided by the grand jury system is secrecy. The purpose of making grand jury proceedings secret is: (1) to prevent the flight of the accused before indictment; (2) to ensure freedom of deliberation by the grand jury; (3) to discourage the use of perjured testimony at trial; (4) to encourage full disclosure without coercion; and, (5) to protect the innocent and unindicted from unwarranted disclosure. *People v. Toolen* (1983), 116 Ill. App. 3d 632, 451 N.E.2d 1364; see also Ill. Rev. Stat. 1989, ch. 38, par. 112—1 *et seq.*; *People v. Hunter* (1978), 61 Ill. App. 3d 588, 376 N.E.2d 1065; *People v. French* (1965), 61 Ill. App. 2d 439, 209 N.E.2d 505.

■ This need for secrecy, we believe, is the reason the legislature limited the persons who are allowed to attend grand jury sessions. Article 112 of the Code of Criminal Procedure of 1963 explicitly provides in pertinent part:

> "Only the State's Attorney, his reporter and any other person authorized by the court or by law may attend the sessions of the Grand Jury." Ill. Rev. Stat. 1989, ch. 38, par. 112—6(a).

The State argues that the presence of the mother during the alleged victim's testimony to the grand jury does not make dismissal of the indictment necessary and relies on *People v. Toolen* (1983), 116 Ill. App. 3d 632, 451 N.E.2d 1364, and *People v. Hunter* (1978), 61 Ill. App. 3d 588, 376 N.E.2d 1065. Both of these cases are distinguishable from the case at bar, because in both, the presence of persons other than the State's Attorney and the court reporter had previously been authorized by the court. In both *Toolen* and *Hunter*, the State's Attorney had requested authorization, and a court, explicitly and by order, had authorized their presence. In the case at bar, however, the State had not requested authorization of the mother's presence during this session of the grand jury, nor had a court, explicitly and by order, authorized her presence.

■■ ■ The State says that a related principle, taught by both *Toolen* and *Hunter*, would justify sustaining the indictment. The State argues that where someone other than a State's Attorney or a court reporter is present during a grand jury session, neither prejudice to defendant nor coercion of testimony before the grand jury should be presumed; instead, prejudice and coercion must be manifest from the record before the drastic remedy of dismissal should be invoked. The State misses the mark. Both *Toolen* and *Hunter* do say that undue influence and coercion will not be presumed. However, in both cases a court heard a request for authorization and had, therefore, the opportunity to weigh the possibility of undue influence or coercion. In both *Toolen* and *Hunter* a court made the tacit finding that there was no

danger of undue influence or coercion. It is in this context that the related principle that the State calls upon should be read, and in that context, that principle may be stated as follows: where a court has authorized the presence during a grand jury session of one other than a State's Attorney or a court reporter, undue influence of this other person over the testimony of another will not be presumed, but must be shown from the record. That principle, however, is not applicable to the case at bar, because here no court was ever called to assess the possibility of undue influence until after the statute was violated. In this context, to insist that the record of the proceedings before the grand jury must establish undue influence kills the very statute that prohibits the unauthorized presence of persons other than a State's Attorney and a court reporter.

■■■ This distinction in cases makes a real difference. One reason the grand jury was invented was to limit the power of the government as well as to repose the power to investigate and to charge a crime in the people themselves. (See *In re April 1956 Grand Jury* (7th Cir. 1957), 239 F.2d 263; *United States v. Gold* (N.D. Ill. 1979), 470 F. Supp. 1336; *United States v. Bailey* (N.D. Ill. 1971), 332 F. Supp. 1351.) As it has developed, the grand jury, today, lends itself as a powerful tool for the prosecutor. If this, or any other court, were to say that manifestation of actual prejudice rather than the statute is the only limitation upon the power of a prosecutor, then the potential for abuse is too great. One can imagine scenarios in which overzealous, overreaching arms of the State might inject into grand jury rooms those who would listen and watch the testimony of witnesses with malignant silence.

Requiring authorization is a safeguard of significant importance for it may be too difficult to glean coercion or undue influence from a naked transcript of the grand jury proceedings.

The circuit court is affirmed.

Affirmed.

CHAPMAN and GOLDENHERSH, JJ., concur.