(No. 72153.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. TOM FASSLER, Appellee.

*Opinion filed October 30, 1992.*

CLARK, J., joined by BILANDIC and FREEMAN, JJ., dissenting.

Roland W. Burris, Attorney General, of Springfield, and H. Wesley Wilkins, State's Attorney, of Jonesboro (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen, Assistant Attorney General, of Chicago, and Kenneth R. Boyle, Stephen E. Norris and Gerry R. Arnold, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

Finch & Karraker, P.C., of Anna, for appellee.

CHIEF JUSTICE MILLER delivered the opinion of the court:

This case requires us to examine alleged irregularities in a grand jury proceeding, including violations of grand jury secrecy and accusations of prosecutorial misconduct.

On September 30, 1988, a Union County grand jury indicted the defendant for aggravated criminal sexual abuse and battery. The charges alleged that the defendant, a school teacher, fondled a 13-year-old female student during class.

In February 1989, a trial judge in the circuit court of Union County dismissed the two-count indictment on several grounds. The appellate court affirmed the dismissal on the sole basis that, contrary to section 112—6(a) of the Code of Criminal Procedure of 1963 (the Code), the victim's mother was present when her daugh-

ter testified before the grand jury. (213 Ill. App. 3d 43.) We granted the State's petition for leave to appeal (134 Ill. 2d R. 315).

Section 112—6(a) provides, "Only the State's Attorney, his reporter and any other person authorized by the court or by law may attend the sessions of the Grand Jury." (Ill. Rev. Stat. 1989, ch. 38, par. 112—6(a).) In this case, the victim's mother was not authorized to attend the grand jury session. A transcript of the proceedings shows that the mother did not address the grand jury, but at one point told the victim to "calm down." She was present only during her daughter's testimony, and was not present during grand jury deliberations.

The trial judge, in the portion of his order addressing this violation of section 112—6(a), dismissed the indictment against the defendant pursuant to section 114—1(a)(5) of the Code, which allows a court to dismiss an indictment "returned by a Grand Jury which acted contrary to Article 112 of this Code and which results in substantial injustice to the defendant." (Ill. Rev. Stat. 1989, ch. 38, par. 114—1(a)(5).) The appellate court, without mentioning section 114—1(a)(5) in its opinion, held that the presence of an unauthorized person in the grand jury room is in itself grounds to dismiss an indictment. 213 Ill. App. 3d at 44.

The State, citing *People v. Arnold* (1910), 248 Ill. 169, and *People v. Munson* (1925), 319 Ill. 596, argues that an otherwise valid indictment should not be dismissed unless the defendant can establish that he was prejudiced by the presence of an unauthorized person during grand jury proceedings. In *Arnold*, a teenage rape victim's mother and father accompanied her into the grand jury room while she testified. This court held that the trial judge properly refused to quash the indictment where there was no prejudice to the defendant from their presence. (*Arnold*, 248 Ill. at 171-72.) The

*Munson* court reiterated the rule that "while unauthorized persons are never to be permitted to be present in the grand jury room, the presence of such a person is not sufficient to vitiate the indictment unless it appears that the defendant was prejudiced by such presence." (*Munson*, 319 Ill. at 604.) The State maintains that section 114—1(a)(5), with its reference to "substantial injustice," codified this standard, and argues that, because the defendant cannot show that the mere presence of the victim's mother in the grand jury room prejudiced him in any way, the trial court improperly dismissed the indictment.

The defendant, urging us to adopt the *per se* rule of dismissal embraced by the appellate court, argues alternatively that section 114—1(a)(5) does not apply to this case, or that if it does, substantial injustice is inherent in a violation of section 112—6(a) and should be presumed. We shall address the latter argument first.

The defendant maintains that section 114—1(a)(5) is not a codification of prior case law because *Arnold* and *Munson*, which predate the Code of Criminal Procedure, required a showing of "prejudice" when grand jury secrecy is violated, while the legislature used the term "substantial injustice" instead. He argues that these words do not have the same meaning, in that, while "prejudice" refers to an act or omission that affects the outcome of a decision, "injustice" refers to the deprivation of a substantial legal right. (See Black's Law Dictionary 787, 1179 (6th ed. 1990).) The principal aim of the secrecy requirement, the defendant claims, is to protect individuals against charges that are the product of coercion and undue influence. (*People v. Hunter* (1978), 61 Ill. App. 3d 588, 593.) He therefore concludes that violation of a statute designed to afford protection to an accused is sufficiently grievous to constitute "substantial injustice."

In support of his argument that substantial injustice is inherent in a violation of section 112—6(a), the defendant distinguishes *People v. Toolen* (1983), 116 Ill. App. 3d 632, *People v. Jackson* (1978), 64 Ill. App. 3d 307, and *People v. Hunter* (1978), 61 Ill. App. 3d 588, which hold that undue influence or coercion will not be presumed from the authorized presence in the grand jury room of someone other than the State's Attorney and his or her reporter. The defendant notes that the victim's mother in this case, unlike the persons involved in *Toolen, Jackson,* and *Hunter,* was not authorized to attend the session of the grand jury. He believes that "substantial injustice" should be presumed when the State fails to comply with section 112—6(a). Requiring an accused to demonstrate prejudice whether or not the State obtains prior court authorization, he argues, renders the statute meaningless.

We agree with the defendant that section 112—6(a) clearly mandates that only authorized persons attend grand jury proceedings. It does not by itself, however, require the dismissal of an indictment or provide any other penalty for its violation. Section 114—1(a)(5) provides that an indictment obtained in violation of article 112 may be dismissed if the violation results in substantial injustice to the defendant. Thus, sections 112—6(a) and 114—1(a)(5) must be read together.

Interpreting section 114—1(a)(5) in the manner suggested by the defendant would require us to read the words "substantial injustice" out of the statute or to read into it an exception for violations of section 112—6(a). We believe the legislature intended that a defendant demonstrate substantial injustice before he or she may secure dismissal of an indictment for a violation of section 112—6(a). If the legislature had intended that a violation of section 112—6(a) should result in dismissal of an indictment without a showing of injustice, it could have

omitted that requirement from section 114–1(a)(5). Regardless of whether "substantial injustice" may be equated with "prejudice," it requires something more than mere violation of the statute, such as a showing that the purposes of the secrecy requirement were not met, or that, in fact, the indictment was obtained as the result of undue influence or coercion.

The State's failure to obtain court authorization for the attendance of the victim's mother at this session of the grand jury was improper and is not to be condoned. Under section 114–1(a)(5), however, the State's violation of section 112–6(a) must also result in substantial injustice to the defendant before a court may dismiss the indictment against him for this reason.

The defendant has not shown that the unauthorized presence of the victim's mother in the grand jury room, in violation of section 112–6(a), resulted in substantial injustice to him. There has been no showing that the presence of the victim's mother endangered the secrecy of these proceedings, and there is no evidence that her presence influenced her daughter's testimony or the grand jury's decision. The mother of the 13-year-old victim was present only to provide emotional support to her daughter and to put her more at ease while she testified before a group of strangers about a sensitive matter. The record shows that she spoke to the girl only to tell her to "calm down." Thus, the purposes of section 112–6(a) were not undermined by the mother's presence, and the defendant has not demonstrated that her presence prejudiced him or resulted in substantial injustice.

Alternatively, the defendant, who in the trial court asked that the indictment be dismissed pursuant to section 114–1(a)(5), now argues here that the statute is not relevant to this case because the State's Attorney, and not the grand jury, acted contrary to section 112–6(a) by failing to obtain prior court authorization for the victim's

mother to attend the proceedings. The defendant has not suggested the conclusion to be drawn from a distinction, assuming it to be valid, between the wrongful acts of a grand jury and those of a prosecutor under these circumstances. Implicit in his argument, however, is the notion that, in the absence of section 114—1(a)(5), a trial judge has inherent authority to dismiss an indictment for the State's Attorney's violation of section 112—6(a) without requiring the accused to establish prejudice or substantial injustice.

This argument is without merit. Initially, we note that section 112—6(a) does not indicate who is responsible for seeking court authorization for the presence of a person other than the State's Attorney and his or her reporter. (Cf. *People v. Haag* (1979), 80 Ill. App. 3d 135, 139 (where duty to advise grand jury of its right to subpoena target of investigation is explicitly imposed on the State's Attorney by statute, dismissal of indictment under section 114—1(a)(5) is improper).) We note further that section 112—4(c) provides that the grand jury foreman "shall preside over all hearings" and may "determine rules of procedure" except where otherwise provided in article 112. (Ill. Rev. Stat. 1989, ch. 38, par. 112—4(c).) The record in this case shows that the State's Attorney advised the grand jury that the presence of anyone other than himself, his reporter, and the testifying witness was "unusual." The record also shows that no member of the grand jury responded when the State's Attorney asked whether anyone objected to the mother's presence.

The question whether section 114—1(a)(5) applies to violations of section 112—6(a) is not of consequence here. The defendant's argument that section 114—1(a)(5) does not apply because the State's Attorney, rather than the grand jury, violated section 112—6(a) amounts to an alle-

gation of prosecutorial misconduct. This allegation, even if true, does not alter the focus of our analysis.

The defendant correctly notes that a trial judge has inherent authority to dismiss an indictment for reasons other than those listed in section 114—1(a). (*People v. Lawson* (1977), 67 Ill. 2d 449, 455.) "The preservation of the historic independence of the grand jury, however, requires that such supervisory power be exercised only when failure to do so will effect a deprivation of due process or result in a miscarriage of justice." (*People v. Sears* (1971), 49 Ill. 2d 14, 31.) A court has authority to dismiss an indictment procured through prosecutorial misconduct only when the accused can show that such misconduct results in actual and substantial prejudice to him. *Bank of Nova Scotia v. United States* (1988), 487 U.S. 250, 256-57, 101 L. Ed. 2d 228, 238-39, 108 S. Ct. 2369, 2374-75; *People v. J.H.* (1990), 136 Ill. 2d 1, 18; *Lawson*, 67 Ill. 2d at 459-60.

As we have already found, the defendant has failed to demonstrate that the presence of the victim's mother prejudiced him in any way. Thus, even if section 114—1(a)(5) were not applicable here, dismissal of the indictment against the defendant for the prosecutor's violation of section 112—6(a) would not be warranted. Under these circumstances, we hold that the trial judge's dismissal of the indictment against the defendant based on the unauthorized presence of the victim's mother in the grand jury room was improper.

The appellate court's resolution of this case did not require it to address the other grounds upon which the trial judge dismissed the indictment, all of which were contested by the State. As the appellee in the appellate court, the defendant here may make any argument to sustain the circuit court judgment. (*In re Splett* (1991), 143 Ill. 2d 225; *Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 209.) The defendant has cho-

sen to raise only one of the issues not reached by the appellate court, and we will address it now.

The defendant argues that the State's Attorney, by intentionally soliciting hearsay testimony before the grand jury about "other bad acts" allegedly committed by the defendant and rumor and innuendo concerning his reputation, engaged in prosecutorial misconduct, which violated his due process rights (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2). He therefore maintains that the trial judge could properly dismiss the indictment against him pursuant to the court's supervisory power over the grand jury.

Citing no authority for this proposition, the defendant claims that grand jury testimony pertaining to "other bad acts" by the defendant are highly prejudicial as a matter of law in a prosecution for sexual misconduct, and that such testimony is no less objectionable under these circumstances than it is at trial. The "unfairness" of other allegations of sexual misconduct, he argues, was compounded by testimony concerning rumors that the defendant had "done this sort of thing before." In sum, the defendant argues that the prosecutor, by soliciting such testimony, exceeded the bounds of "proper courtroom decorum and fairness" that should apply in the grand jury setting just as they do at trial.

Contrary to the defendant's assertion, grand jury proceedings are not intended to approximate a trial on the merits. (*People v. J.H.* (1990), 136 Ill. 2d 1, 12.) The grand jury's power to conduct criminal investigations should be accorded the broadest possible scope consistent with constitutional limitations. (*People v. Florendo* (1983), 95 Ill. 2d 155, 159.) In determining what matters to investigate, members of a grand jury " 'may act on tips, rumors, evidence offered by the prosecution, or their own personal knowledge.' " (*People v. Creque* (1978), 72 Ill. 2d 515, 521-22, quoting *United States v.*

*Dionisio* (1973), 410 U.S. 1, 15, 35 L. Ed. 2d 67, 80, 93 S. Ct. 764, 772.) Because a grand jury does not determine guilt or innocence, it may pursue its investigation unrestrained by the technical evidentiary and procedural restrictions that govern criminal trials. *J.H.*, 136 Ill. 2d at 10.

Nevertheless, the defendant argues that even if noncompliance with the evidentiary rules applicable to criminal trials was permissible in any particular instance, the State's Attorney's "persistent production of a pattern of prejudicial testimony constituted prosecutorial misconduct depriving the defendant of due process." We disagree.

It is the prosecutor's duty to present to the grand jury information that tends to establish probable cause that the accused has committed a crime. "Generally speaking, 'the validity of an indictment is not affected by the character of the evidence considered.' " (*J.H.*, 136 Ill. 2d at 10, quoting *United States v. Calandra* (1974), 414 U.S. 338, 343-45, 38 L. Ed. 2d 561, 568-69, 94 S. Ct. 613, 617-18.) "[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence [citations] ***." (*Calandra*, 414 U.S. at 345, 38 L. Ed. 2d at 569, 94 S. Ct. at 618; *Creque*, 72 Ill. 2d at 522.) Indeed, a valid indictment may be based entirely on hearsay. (*Costello v. United States* (1956), 350 U.S. 359, 100 L. Ed. 397, 76 S. Ct. 406; *Creque*, 72 Ill. 2d at 523.) In the present case there was ample evidence, including the testimony of the victim that she had been fondled by the defendant, on which the grand jury could base its indictment.

As for testimony about "other bad acts," two female students, in addition to the complaining witness, told the grand jury that the defendant had touched their breasts. Testimony about these alleged offenses, however, did not

become evidence of "other" bad acts until after the indictment charging that the defendant sexually abused the complaining witness was returned. A grand jury is to investigate all criminal activity suggested by the evidence. (*People v. Polk* (1961), 21 Ill. 2d 594; *People v. Jackson* (1978), 64 Ill. App. 3d 307.) It is not restricted to considering a particular offense alleged to have been committed by an accused, but may also bring charges other than those originally sought by the State's Attorney. (*Jackson*, 64 Ill. App. 3d at 310-11.) The defendant, therefore, will not be heard to complain that he was prejudiced by the grand jury's decision not to indict him for other alleged offenses.

We note further that much of the defendant's argument on this issue is misplaced. The defendant repeatedly characterizes the testimony presented before the grand jury as being "weak," "vague," "implausible," and "full of inherent contradictions." He also claims that the State's Attorney misled the grand jury as to the quantity of evidence that would be presented during the proceedings. An accused may not challenge an indictment on the ground that it is not supported by sufficient evidence where there is any evidence to support the indictment. (*People v. Rodgers* (1982), 92 Ill. 2d 283, 290.) Guilt or innocence is to be determined at a fair trial. *Creque*, 72 Ill. 2d at 527.

We find nothing in the record of these grand jury proceedings that rises to the level necessary to constitute a deprivation of due process. (See *Lawson*, 67 Ill. 2d at 457 (courts must ascertain pre-indictment denial of due process with certainty).) The prosecutor's conduct in this case neither prejudiced the defendant's right to a fair trial nor undermined the integrity of the judicial process. (See *J.H.*, 136 Ill. 2d at 12-13 (citing requirements for finding a due process violation under these circum-

stances).) The trial court's dismissal of the indictment for prosecutorial misconduct was therefore improper.

The defendant has not argued or briefed the remaining grounds upon which the trial judge dismissed the indictment; neither has he requested that the cause be remanded to the appellate court for consideration of these issues. Any additional arguments are therefore waived. (See *County of Cook v. Lloyd A. Fry Roofing Co.* (1974), 59 Ill. 2d 131, 139; *People v. Haag* (1979), 80 Ill. App. 3d 135, 137.) Accordingly, we reverse the judgments of the appellate and circuit courts, and remand the cause to the trial court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

JUSTICE CLARK, dissenting:

I respectfully dissent. The majority concludes that a violation of section 112—6(a) is insufficient to dismiss an indictment absent a special showing of prejudice to the defendant. Specifically, the defendant must show evidence that the purposes of the secrecy requirement were not met, or that the indictment was obtained as a result of undue influence or coercion (153 Ill. 2d at 55-56). Because I feel that a violation of section 112—6(a) inherently results in substantial injustice to a defendant, I disagree and favor a *per se* rule of dismissal. I intimate no view upon whether such a rule is applicable to a violation of any of the other subsections of article 112 and confine my thoughts to section 112—6(a) only.

At the outset, it must be appreciated that the veil of secrecy surrounding a grand jury proceeding is a fundamental element of a grand jury investigation. (*People v. Munson* (1925), 319 Ill. 596, 603.) To this end the law refuses to permit one in the presence of the grand jury during the investigation who is not legally and properly before it.

Most certainly the veil is not impenetrable. Section 112—6(a) provides that a court may authorize the presence of someone other than the State's Attorney or a court reporter at the proceedings. In such instances, the court has heard a request for authorization and has weighed the possibility of undue influence or coercion and has made the tacit finding that the danger of either occurring is not present. 213 Ill. App. 3d at 45-46.

Where an unauthorized person is present at the proceedings, however, no such finding has been made. The unauthorized individual's presence alone is a violation of the secrecy required in a grand jury proceeding, and to require that the records of the proceeding establish undue influence "kills the very statute that prohibits the unauthorized presence of persons other than a State's Attorney and a court reporter." 213 Ill. App. 3d at 46.

The majority relies on two of this court's opinions in support of refusing to dismiss the indictment against defendant. I believe that both opinions are distinguishable. In *People v. Munson* (1925), 319 Ill. 596, this court reversed a circuit court order denying a motion to quash an indictment in which the State's Attorney appearing before the grand jury was not a licensed attorney. The opinion concludes that the State's Attorney's participation in the grand jury proceeding prejudiced the defendant in that the indictment was "procured directly" by the unlicensed attorney. *Munson*, 319 Ill. at 604.

The prejudice to the defendant's interests was a consequence of the proceeding itself, conducted by one unqualified to do so. The State's Attorney did not have the power to bring the indictment. The interests of the defendant were prejudiced, therefore, by the conduct of the State's Attorney, not simply his presence at the proceeding.

In *Munson*, therefore, this court concluded that because the indictment was improperly procured, the en-

tire proceeding was vitiated. This conclusion was reached without any demonstration of actual prejudice to the defendant. Although language in *Munson* appears to support the majority opinion (*Munson*, 319 Ill. at 604; 153 Ill. 2d at 53-54), I note that this language was simply *dicta* and did not control the outcome of the case.

In *People v. Arnold* (1910), 248 Ill. 169, the second opinion relied on by the majority, the defendant was charged by indictment with raping a 15-year-old girl. The girl and her parents were witnesses at the grand jury proceeding. All three were present in the grand jury room at the time each was being examined. *Arnold*, 248 Ill. at 171-72.

There again, this court observed that among the most important protections provided by the grand jury proceeding is the guarantee of secrecy. "The proceedings before a grand jury must be kept strictly secret, and that could not be done if witnesses should be present during examination of each other. *The rule, therefore, is, that one witness must never be permitted to be present at the examination of another.*" (Emphasis added.) (*Arnold*, 248 Ill. at 171-72.) Although this court stated that the witness' simultaneous presence in the grand jury room was in violation of the rule that one witness must never be permitted to be present at the examination of the other, it concluded that the violation was not "substantial," as the charge was proven through the testimony of other witnesses. Any influence the testimony of the parents or the girl had on the other was harmless in light of the testimony of the remaining witnesses.

While the circumstances in *Arnold* are relatively similar to the ones presently before this court, the issues addressed are entirely distinct. The parents of the young girl in *Arnold* were witnesses in the grand jury proceeding and were present at the proceedings. The issue in *Arnold* was not whether the witness' presence was au-

thorized, but was simply the timing of the individuals' presence—Was the fact that these three witnesses were present during examination of each other sufficient to quash the indictment?

In the present matter, the victim's mother was not authorized to attend the grand jury session, yet she was present during her daughter's examination. The rule that was violated, therefore, was not the same as that in *Arnold.* Here, the concern is not the presence of a witness during the examination of another but, rather, the presence of an unauthorized individual during a grand jury session. In my opinion, substantial injustice is inherent and should be presumed where there is a violation of section 112—6(a).

The majority concludes otherwise and notes that there was no showing that the presence of the victim's mother endangered the secrecy of the proceeding or that her presence influenced her daughter's testimony or the grand jury's decision. As to the former argument, I believe that defendant's interests were prejudiced by reason of the appearance of the mother. As I have stated above, grand jury proceedings are surrounded by secrecy. The protections afforded by this precaution are forfeited by the mere presence of an unauthorized individual at the proceeding. I believe that the unauthorized presence of an individual at a grand jury proceeding, without more, is enough to vitiate the indictment.

As to the evidence of undue influence or coercion, the majority concludes that the mother provided only emotional support. (153 Ill. 2d at 56.) However, to the extent that the presence of the mother demonstrated a tacit substantiation of her daughter's testimony, I believe the jury could not help but be silently influenced. Although it may be expected or, at least, not unusual for a mother to believe the word of her child and offer that child her support, it is not insignificant that the daugh-

ter's testimony was that of the complainant, not simply a witness for the prosecution. The daughter's testimony was crucial to the indictment; therefore, the danger of the mother's presence as an influence on the jury was all the more significant. I would hold that the unauthorized presence of any person before a grand jury requires that the indictment handed down by that jury be quashed.

JUSTICES BILANDIC and FREEMAN join in this dissent.