THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ANNIE CHATMAN, a/k/a Annie Rollins, Defendant-Appellee.

Second District No. 2—97—0672

Opinion filed June 1, 1998.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

The State appeals an order dismissing an indictment against defendant, Annie Chatman, a/k/a Annie Rollins (see 145 Ill. 2d R. 604(a)(1)). Defendant was charged with three counts of possession of cocaine, a controlled substance (720 ILCS 570/402(c) (West 1994)). The trial court concluded that, because the State admitted that it could prove only that defendant had had cocaine in her system, any conviction would unconstitutionally punish her for being a drug user rather than for committing a wrongful act within the jurisdiction. See *Robinson v. California*, 370 U.S. 660, 8 L. Ed. 2d 758, 82 S. Ct. 1417 (1962); *People v. Davis*, 27 Ill. 2d 57 (1963). Therefore, the court held the statute unconstitutional as applied and dismissed the indictment.

On appeal, the State argues that the dismissal was unauthorized by statute and amounted to an improper pretrial adjudication of the sufficiency of the evidence. Defendant responds that due process warranted the dismissal of the indictment because the State conceded that it had no evidence that would allow it to obtain a constitutionally valid conviction.

We hold that the trial court exceeded its authority in dismissing the indictment, and we reverse its judgment and remand the cause for further proceedings.

The history of this case requires discussion in some detail. On October 31, 1995, a grand jury indicted defendant on three counts of unlawful possession of less than 15 grams of a substance containing cocaine. The indictment gave the dates of the alleged offenses as "[o]n or about March 1, 1992 to December 2, 1992"; "[o]n or about April 1, 1993 to January 1, 1994"; and "[o]n or about January 1, 1995 to October 1, 1995." In October 1996, defendant demanded a bill of particulars; three months later, the State replied that it did not yet know the exact location of the offenses, except that all took place "partly" at Copley Hospital.

On March 6, 1997, defendant moved to dismiss the indictment. She asserted that the State's tendered discovery appeared to imply

that its evidence consisted of blood or urine test results showing that defendant had been addicted to or under the influence of cocaine. From this, defendant argued that the State was attempting to secure a possession conviction based solely on defendant's status as a cocaine addict or user, a result *Robinson* and *Davis* forbade. Defendant soon withdrew the motion to dismiss and substituted a motion to declare the possession statute unconstitutional as applied. On March 11, 1997, the court heard arguments on the motion. Assistant State's Attorney Barsanti, conceding that "I don't have any drugs," acknowledged that, under *Robinson* and *Davis*, a valid conviction would require evidence beyond drug tests showing that defendant had cocaine in her system at certain times. The State would have to prove that defendant actually possessed drugs in Illinois, and merely having cocaine in her blood was not "possession." However, Barsanti represented that the State would produce admissions and other evidence beyond what it had disclosed to date. Noting these representations, the trial court denied defendant's motion. The court stated that a valid conviction required evidence in addition to the blood or urine tests; however, the State might present the required evidence. Whether the State could prove its case was the ultimate issue to be resolved by the trial (or on a motion for a directed verdict), not by a pretrial proceeding.

At a hearing, on June 6, 1997, the following exchange ensued:

"MR. BARSANTI: I'm offering this as what I believe the People's proof would show, is in essence a child with cocaine in its system and the mother with cocaine in her system on the day or shortly after the birth of the child.

The statements that the Defendant made, allegedly made *** would not be specifically corroborative of that corpus delicti, and the witness who we believe may be able to shed light on the situation is unattainable at this time ***—

THE COURT: Unattainable at this time or forever?

MR. BARSANTI: Let me rephrase.

The witness who I believe would have information who [*sic*] could corroborate this corpus delicti, I don't have those statements from that witness, Judge, and I don't know where that witness is right now. So for me to say that statement is going to come from that person would be speculation.

THE COURT: All right. Actually that puts me back into a fact situation.

The prior ruling was based on *** the State's representation *** that this would be one piece of circumstantial evidence reflecting on the matter. If the witness is currently not available, that doesn't mean that she would never be available. *** I still believe that issues relating to those of fact are trial issues. They're not [to be decided] on a motion to dismiss.

MR. BARSANTI: Well, Judge, maybe I· can straighten it out this way.

THE COURT: If you tell me that you have no such evidence, and you will not—

MR. BARSANTI: I have no evidence, Judge. I guess I'm putting more emphasis on the speculation on this than would be accurate. You could say that about any case. I would say about any case maybe I'm going to come up with a smoking gun tomorrow \*\*\*. That's speculation.

\*\*\* The People would be willing to stipulate that we do not have a statement at this time, and that I have no indication we would ever get one. \*\*\* So at this point in time \*\*\* our evidence would [be] solely that this woman had a cocaine baby \*\*\*. That would be the People's position, and that we would have no other evidence to indicate \*\*\* some of the factual elements [we] have to actually establish at trial."

Barsanti reiterated that the tests proving that defendant had cocaine in her system would not directly establish possession but would allow a fact finder to infer that defendant possessed cocaine some time before each test. However, he conceded the State had no evidence of where defendant possessed or used the cocaine.

The trial court reversed its earlier ruling and dismissed the indictment, concluding that "the explanation of what the State's evidence is expected to be" made this case indistinguishable from *Robinson* or *Davis*. According to the prosecutor's own representations, the *corpus delicti* was "a blood test, with no other corroborating evidence." This evidence could support a conviction only if the State could criminalize a person's mere status as a drug user without any proof that she committed an illegal act, such as possessing the cocaine, within the jurisdiction. This, however, is what *Robinson* and *Davis* disallow.

The court noted that normally the sufficiency of the State's evidence is to be tested at trial, not by a pretrial motion. However, under the undisputed facts here, dismissing the charges was the only proper relief from an impermissible prosecution.

■ On appeal, the State argues that the trial court exceeded its authority by dismissing the indictment because the State's evidence was insufficient. As the State observes, under Illinois law, a trial court may not inquire into the adequacy of the evidence supporting an indictment that is valid on its face. *People v. Fassler*, 153 Ill. 2d 49, 60-61 (1992); *People v. Creque*, 72 Ill. 2d 515, 522 (1978); see also *Costello v. United States*, 350 U.S. 359, 100 L. Ed. 397, 76 S. Ct. 406 (1956). Thus, the State reasons, the court erred in dismissing the charges, however tenuous the evidence for them may have been.

Defendant replies that, under the extraordinary circumstances

here, due process required the court to act as it did. Defendant observes that, almost two years after obtaining the indictment, the State had not discovered enough evidence to allow a jury to convict defendant on any of the charges. She maintains that it would offend basic fairness to allow the State to pursue a "frivolous" prosecution at her continued expense.

The parties agree on the substantive law underlying defendant's claim that the prosecution is unconstitutional. In *Robinson*, the defendant was convicted under a California law making it illegal to be under the influence of, or addicted to, narcotics. The law did not require proof that the defendant actually used or possessed any narcotics within the state or committed any other antisocial act there. His presence and his addiction were sufficient. The Supreme Court invalidated the law, ruling that, despite the state's undoubted power to control the possession and use of narcotics within the jurisdiction, it would be cruel and unusual punishment to make a crime out of a person's mere status as a drug user or addict. *Robinson*, 370 U.S. at 666-67, 8 L. Ed. 2d at 763, 82 S. Ct. at 1420-21. *Davis* followed *Robinson*, striking down an Illinois law similar to the law invalidated in *Robinson*.

■ As the State conceded at the trial level, it may not obtain convictions of cocaine possession merely by proving that defendant was a cocaine user or cocaine addict while she was within the jurisdiction. The State also conceded that its evidence to date—essentially, the test results—did not prove defendant possessed cocaine within the jurisdiction as the indictment charged. We agree with the parties and the trial court that this evidence would not support a conviction on any of the charges. It proves only that defendant "possessed" cocaine in her bloodstream while she was present in the jurisdiction. Reading the statute to criminalize this form of "possession" would run afoul of *Robinson* and *Davis*.

■ At issue on appeal is not the substantive law but the procedural law. The parties dispute whether the trial court could dismiss the charges under these circumstances. On this score, it is settled that a trial court may dismiss an indictment only for one of the reasons under section 114—1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114—1(a) (West 1996)) or where there has been a clear denial of due process. *People v. Lawson*, 67 Ill. 2d 449, 455 (1977). Defendant does not claim that the trial court could have relied on section 114—1(a), so the question is whether refusing to dismiss the indictment would have " 'effect[ed] a deprivation of due process or result[ed] in a miscarriage of justice.' " *Fassler*, 153 Ill. 2d at 58, quoting *People v. Sears*, 49 Ill. 2d 14, 31 (1971).

■ Under Illinois law, due process requires only that the grand jury heard *any* evidence tending to connect the defendant with the offense charged. *Fassler*, 153 Ill. 2d at 61; *People v. Rodgers*, 92 Ill. 2d 283, 290 (1982). In announcing this limited rule, our supreme court recognized that a wrongful indictment inflicts injuries that an eventual acquittal does not fully redress. *Rodgers*, 92 Ill. 2d at 289-90; see *In re Fried*, 161 F.2d 453, 458-59 (2d Cir. 1947), *cert. dismissed*, 332 U.S. 807, 92 L. Ed. 384, 68 S. Ct. 105 (1947). Nonetheless, no case holds that such injury requires dismissing an indictment that is not utterly empty.

The courts' reluctance to allow challenges to the sufficiency of the evidence is grounded in part in a desire to avoid precisely what occurred in the case before us: holding a preliminary bench trial on the case's ultimate merits. See *Costello*, 350 U.S. at 363, 100 L. Ed. at 402-03, 76 S. Ct. at 408-09; *People v. Whitlow*, 89 Ill. 2d 322, 331 (1982); *Creque*, 72 Ill. 2d at 527. This reluctance extends to situations where the operative facts are not in dispute. In *People v. Finley*, 209 Ill. App. 3d 968 (1991), the appellate court reversed the dismissal of an indictment even after it apparently concluded that, as a matter of law, the evidence was insufficient to support the charge. The defendant was indicted for felony driving under the influence of alcohol (DUI), with the felony classification based on two prior convictions of DUI. The trial court dismissed the indictment because one of the prior convictions was obtained in violation of the defendant's right to counsel. The appellate court agreed with the trial court that the use of the prior conviction was improper, but it disagreed with the trial court's choice of remedy. Due process required only that there be some evidence against the defendant; the trial court's reasoning to the contrary notwithstanding, due process did not require the dismissal of a charge that apparently could not be proved. *Finley*, 209 Ill. App. 3d at 974-75.

■ Here, even if the trial court had reason to believe that the State's evidence was insufficient as a matter of law, that conclusion cannot support the court's action. We acknowledge that what the court did may have intuitive appeal and that the end result of this prosecution may well be the same. Nonetheless, the trial court exceeded its authority, and we could not uphold its action without encouraging defendants to demand the sort of preliminary trial on the merits that our courts have sought to prevent. Finally, we note that a defendant does not lack all recourse against a poorly founded prosecution; a demand for a speedy trial (see 725 ILCS 5/103—5 (West 1996)) is available to require the State to proceed on what evidence it has within a reasonable time. What is not available is the dismissal of an indictment that is otherwise proper.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

DOYLE and THOMAS, JJ., concur.